322 So.2d 655 (1975)
SARASOTA COUNTY, Florida, a Political Subdivision of the State of Florida, Petitioner,
v.
BEKER PHOSPHATE CORPORATION, a Florida Corporation, and Manatee County, Florida, a Political Subdivision of the State of Florida, Respondents.
No. Z-111.
District Court of Appeal of Florida, First District.
November 26, 1975.
*656 Richard E. Nelson, Nelson, Hesse, Cyril & Weber, Sarasota, for petitioner.
Roy C. Young, Brown, Smith, Young & Pelham, Tallahassee, John P. Harllee, III, Harrison, Harllee & Porges and Richard A. Hampton, Bradenton, for respondents.
RAWLS, Judge.
By this petition for writ of certiorari to the Florida Land and Water Adjudicatory Commission,[1] Sarasota County challenges the order of the Adjudicatory Commission dismissing for lack of standing its appeal by which it sought review of a development order entered by respondent Manatee County approving the application *657 for a development of regional impact by respondent Beker Phosphate Corporation.[2]
Sarasota County urges three points in seeking to have the order of Manatee County reviewed by the Adjudicatory Commission, viz:
"I. The Adjudicatory Commission's order erroneously interprets Section 380.07(2), Florida Statutes, as preventing an appeal by Sarasota County of the development order issued by Manatee County.
"II. The Adjudicatory Commission's order erroneously interprets Section 3(2) of Chapter 74-310, 1974 Laws of Florida, as preventing the application of the provisions of said chapter to the appeal herein.
"III. The Adjudicatory Commission's order erroneously holds that a violation of the Government in the Sunshine Law, Section 286.011, Florida Statutes, cannot be grounds for an appeal under the provisions of Chapter 380, Florida Statutes."
By enacting the Florida Environmental Land and Water Management Act of 1972,[3] the legislature established land and water management policies to guide and coordinate local decisions relating to growth and development. The legislature expressly stated its intent:
"... that such state land and water management policies should, to the maximum possible extent, be implemented by local governments through existing processes for the guidance of growth and development; and that all the existing rights of private property be preserved in accord with the constitutions of this state and of the United States."[4]
The regulatory scheme enacted by the legislature is clearly expressed in Chapter 380, Florida Statutes. If the proposed development is of regional impact, the developer must file an application with the local government having jurisdiction.[5] The appropriate local government shall give notice and hold a hearing in the same manner as for a rezoning under Florida Statute 176.051, or as provided under the appropriate special or local law.[6] The notice provision embedded in the statutory scheme is designed to protect the interests of the local citizens, the landowners, the regional inhabitants, and the general public throughout this state.[7] This is accomplished by directing that notice given by the local government state that a proposed development is of a regional impact and that the notice be published at least four weeks in advance of the hearing. Notice is additionally required by the statutory scheme to be given to the state land planning agency, the appropriate regional planning agency, and any other persons designated by the state land planning agency as entitled to receive such notice.
The interests of the citizens of the surrounding area are protected by the explicit *658 requirements of Florida Statute 380.06(8) in that within 30 days of receiving notice, the regional planning agency must submit to the local government a report and recommendations on the proposed project. This statute enumerates numerous areas of regional impact to which the report must address itself.[8]
In complete harmony with the above scheme is the provision of the chapter concerning who may appeal to the Florida Land and Water Adjudicatory Commission an order by a local government concerning a development of regional impact.[9] In appropriate part this statutory section provides:
"Within thirty days after the order is rendered, either the owner, developer, an appropriate regional planning agency, or the state land planning agency may appeal the order to the Florida land and water adjudicatory commission by filing a notice of appeal with the commission." (emphasis supplied)[10]
Without dispute Sarasota County is not one of those parties who is authorized by this statute to appeal to the Florida Land and Water Adjudicatory Commission.
The entire scheme of Chapter 380 carefully preserves the rights of local governments to the maximum extent possible in "zoning" property within its boundaries; the rights of the regional area by requiring a regional impact study in appropriate cases; the rights of the state by authorizing its land planning agency or the regional planning agency to seek review of local governmental action; and the rights of the landowner, including a specific timetable compelling expeditious action in order to quickly resolve the question of governmental dictates as to the use of his land.[11] In seeking to accomplish this regulatory scheme, the legislature enumerated those parties that were charged with the responsibility of reviewing the local government's action and vested with the right to appeal an order entered by such local government. In the instant cause Manatee County's Development Regional Impact Order has not been appealed by one of those enumerated parties. Sarasota County, a stranger to the proceedings, is not and was not authorized to seek review of Manatee County's Development Regional Impact Order.
We next turn our attention to Sarasota County's allegation that the Adjudicatory Commission's order erroneously prevents application of the provisions of Chapter 74-310,[12] Laws of Florida. This contention is without merit for two reasons. First, as we hereinabove stated, the legislative scheme by the precise language of Florida Statute 380.07(2) excludes Sarasota County as a proper party. Second, the Supreme Court of Florida in Lewis v. Judges of the First District Court of Appeal[13] held that the time of commencement of the adjudicatory proceeding controls *659 the applicability of Chapter 74-310, Laws of Florida. The instant application was filed with Manatee County on October 11, 1974, and a public hearing was held by the Tampa Bay Regional Planning Council on December 9, 1974; thus, the "adjudicatory proceeding" had commenced prior to January 1, 1975, the effective date of the "new" Administrative Procedure Act.
Finally, Sarasota County contends that it has standing to appeal the subject order because of alleged violations by Manatee County of the Government in the Sunshine Law. Since we hold that Sarasota County is without standing in this proceeding, we pretermit any discussion as to the propriety of injecting this issue into an administrative proceeding.
The petition for review is denied.
BOYER, C.J., and SMITH, J., concur.
NOTES
[1] The petition alleges that it is presented pursuant to Section 120.68, Florida Statutes (1975), and thus will be treated as a petition for review. See Yamaha International Corp. v. Ehrman, 318 So.2d 196 (1 Fla.App. 1975).
[2] The dismissal of Sarasota County's appeal by the Adjudicatory Commission contained the proviso: "... if the Second District Court of Appeal in the case of Sarasota County v. General Development Corporation, Case No. 74-2372-CA-01 [Second District Court of Appeal Case No. 75-77], presently pending, finds that a county has standing to appeal to this Commission, Sarasota County shall be entitled to reinstate this appeal." By cross-petition, Beker Phosphate challenges this provision of the order being reviewed. The subject condition imposed by the Adjudicatory Commission was improper because Sarasota County had the right (which it has exercised) to seek review of the dismissal in this Court.
[3] Chapter 380, Florida Statutes (1973). Also see Finnell, Saving Paradise: The Florida Land & Environmental Act, 1972 Urban Law Annual 103.
[4] Florida Statute 380.021.
[5] Florida Statute 380.06(6).
[6] Florida Statute 380.06(7).
[7] Id.
[8] Florida Statutes 380.06(8)(a), (b), (c), (d), and (e) direct that the report shall address itself to the effect of the development on the environment, natural resources, economy, efficient use or undue burden on water, sewers, solid waste disposal, other public facilities, public transportation, ability of people to find adequate housing, and any other areas which the regional planning agency shall deem appropriate.
[9] Florida Statute 380.07(2).
[10] Florida Statute 380.07(2).
[11] Florida Statutes 380.06(8), 380.08, and 380.07(2). By specifically designating parties authorized to seek review of the local government's order, the legislature sought to avoid administrative and judicial delay of the resolution of the landowner's right to lawfully utilize his property.
[12] The "new" Administrative Procedure Act, Chapter 120, Florida Statutes (1975).
[13] Lewis v. Judges of the First District Court of Appeal. Opinion filed July 17, 1975, 322 So.2d 16.