325 So.2d 45 (1976)
SARASOTA COUNTY, Florida, a Political Subdivision of the State of Florida, Appellant,
v.
GENERAL DEVELOPMENT CORPORATION, a Foreign Corporation Doing Business in the State of Florida, and the City of North Port, Florida, an Incorporated Municipality of the State of Florida, Appellees.
No. 75-77.
District Court of Appeal of Florida, Second District.
January 14, 1976.
*46 Richard E. Nelson, Nelson, Payne, Hesse & Cyril, Sarasota, for appellant.
William C. Strode, Strode, Hereford & Taylor, Sarasota, for appellee Gen. Development Corp.
James H. Thompson, Thompson & Geithman, Englewood, for appellee City of North Port, Fla.
James D. Whisenand, Asst. Atty. Gen., Tallahassee, as amicus curiae for The Florida Land and Water Adjudicatory Commission.
BOARDMAN, Judge.
Appellant, Sarasota County (County), timely appeals an order dismissing its complaint for declaratory and injunctive relief filed against appellees, General Development Corporation (GDC) and the City of North Port (City).
The complaint alleged that GDC was contemplating a certain land development known as Myakka Estates, lying entirely within the City and situate in the County, which constituted a "`Development of regional impact,'" as defined in Fla. Stat. § 380.06 (1973). GDC had obtained from the City an order approving the development. The County complained of improprieties in the procedures followed in obtaining the City's approval under § 380.06, and alleged that it was attempting to appeal this order to the Florida Land and Water Adjudicatory Commission. The complaint also asserted that GDC had recorded plats of its subdivision without the approval of the Board of County Commissioners of Sarasota County.
The complaint contained four prayers for relief, to wit: (1) a judgment declaring that GDC and the City had not complied with the requirements of Chapter 380 with regard to the approval of Myakka Estates as a development of regional impact, (2) a judgment declaring the County's right to appeal the order of approval to the Florida Land and Water Adjudicatory Commission, (3) a judgment that GDC had violated certain general and local laws concerning the recording of subdivision plats, and (4) an injunction prohibiting construction or sale of lots in the subdivision unless the plats are approved by the Board of County Commissioners. The complaint was dismissed for lack of jurisdiction over the subject matter for the reason:
... that the Plaintiff, SARASOTA COUNTY, is not a proper party to file an appeal to the Florida Land and Water Adjudicatory Commission, pursuant to Section 380.07 of the Florida Statutes *47 and finds that in any event said plaintiff has failed to exhaust its administrative remedies under Chapter 380, Florida Statutes, since the appeal is still pending... .
With respect to the appeal from an order of a local government concerning a development of regional impact, Fla. Stat. § 380.07(2) provides:
... Within thirty days after the order is rendered, either the owner, developer, an appropriate regional planning agency, or the state land planning agency may appeal the order to the Florida land and water adjudicatory commission by filing a notice of appeal with the commission... .
This statute was recently construed by the First District Court of Appeal in Sarasota County, Florida v. Beker Phosphate Corporation, Fla.App.1st, 1975, 322 So.2d 655, which held that parties other than those specifically enumerated in the statute had no right to seek review of a development of regional impact order. We are persuaded by the reasoning of that opinion and the specific language of the statute that Sarasota County has no right of appeal from the City's order to the Florida Land and Water Adjudicatory Commission.
In its first prayer for relief, the County seems to be collaterally attacking the order approving the development of regional impact by alleging a departure from the procedures prescribed by Chapter 380. We cannot see how the County has standing to make these complaints. The City is clearly the "local government" having zoning jurisdiction over the land in question under Fla. Stat. § 380.06(5) (1973). There is no suggestion that the County has zoning authority over this land. Fla. Stat. § 380.11 (1974), which was added to Chapter 380 in 1974, and provides that certain parties, including counties and municipalities, are authorized to bring "... an action for injunctive relief, both temporary and permanent, against any person or developer found to be in violation of the provisions of this act, or any rules, regulations, or orders issued thereunder," should be read in the context of the entire chapter. Thus, this section simply means a county or municipality otherwise having jurisdiction or standing under Chapter 380 could seek injunctive relief for violations. For example, the City could seek to enjoin GDC for the violation of a condition of its order approving Myakka Estates as a development of regional impact, but under the statutory scheme the County simply has no standing because the land is not within its zoning authority.
The order dismissing the complaint for lack of jurisdiction seems to be directed entirely to the County's claims under Chapter 380. There were no motions to dismiss for failure to state a cause of action. The allegations and the two remaining prayers pertaining to the County's right to exercise control over subdivisions by way of certain recording statutes were never reached by the trial court. Chapter 380 does not purport to affect whatever authority the County might have under these statutes. Therefore, the order appealed is hereby reversed, and the cause is remanded for further proceedings upon the remaining viable issues raised in the complaint.
Reversed and remanded.
HOBSON, Acting C.J., and GRIMES, J., concur.