581 F.2d 1187
 BEKER PHOSPHATE CORPORATION, a Florida Corporation, and
Beker Industries Corporation, a Delaware
Corporation, Plaintiffs-Appellants,
v.
William A. MUIRHEAD, Larry Rhodes, John M. Saba, Jr.,
Beverly Clay and Andrew Sandegren, Defendants-Appellees.
 No. 76-4046.
 United States Court of Appeals,
Fifth Circuit.
 Oct. 13, 1978.
 
 John P. Harllee, III, Richard H. Bailey, Bradenton, Fla., for plaintiffs-appellants.
 Richard E. Nelson, Sarasota, Fla., for defendants-appellees.
 Appeal from the United States District Court for the Middle District of Florida.
 Before RONEY, TJOFLAT and HILL, Circuit Judges.
 PER CURIAM:
 
 
 1
 We must decide whether an allegation of the systematic misuse of legal procedure,[1] based on an unsuccessful state administrative appeal and an unsuccessful state judicial review of a state development of regional impact, is a federally cognizable cause of action under Title 42, United States Code, Section 1983. Since we conclude that the allegation here does not establish a wrong for which Section 1983 provides a remedy, we affirm.
 
 I.
 
 2
 The facts are not in dispute, and we need not detail all that has happened in order to decide the issue which controls this appeal. Plaintiffs-Appellants, Beker Phosphate Corporation and Beker Industries Corporation,[2] filed a complaint against Defendants-Appellees, William A. Muirhead, Larry Rhodes, John M. Saba, Jr., Beverly Clay and Andrew Sandegren, which alleged a violation of the Civil Rights Act of 1871, 42 U.S.C.A. § 1983.[3] Plaintiffs appeal a summary judgment suffered in the District Court.
 
 
 3
 In October of 1974, Beker Phosphate Corporation purchased approximately eleven thousand acres of real property in Manatee County, Florida for the sole purpose of mining phosphate. Pursuant to the Florida Environmental Land and Water Management Act,[4] Fla.Stat.Ann. §§ 380.012-380.12, Beker Phosphate Corporation applied for an approval of a "development of regional impact," Fla.Stat.Ann. § 380.06, which was granted by the Manatee County Board of County Commissioners. In addition, Beker Phosphate Corporation applied for a special exception in Manatee County zoning regulation which also was granted by the Board.
 
 
 4
 Defendants, the individual members of the Board of County Commissioners of nearby Sarasota County, Florida, filed a Notice of Appeal to the Florida Land and Water Adjudicatory Commission and sought review of both decisions of the Manatee County Board of County Commissioners. This appeal was dismissed for lack of standing since the applicable Florida statute allowed appeals to the Adjudicatory Commission only by "the owner, developer, an appropriate regional planning agency or the state land planning agency." Fla.Stat.Ann. § 380.07(2) (1972). See also Fla.Stat.Ann. § 380.07(2) (Supp.1978). Defendants then petitioned the First District Court of Appeal of Florida for a writ of Certiorari to the Adjudicatory Commission. The First District Court of Appeal denied the petition and agreed that Defendants lacked standing to appeal to the Adjudicatory Commission. Sarasota County v. Beker Phosphate Corporation, 322 So.2d 655 (1st D.C.A.Fla.1975). See also Sarasota County v. General Development Corp., 325 So.2d 45 (2d D.C.A.Fla.1976).
 
 
 5
 Plaintiffs then brought this suit in the United States District Court for the Middle District of Florida and alleged that Defendants sought to harass Plaintiffs by seeking the two reviews and, as a result, interfered with the lawful use and enjoyment of Plaintiffs' property since they postponed their project until the two appeals had run their course.[5] In essence, Plaintiffs asserted first, that they have been deprived of their property rights without due process of law and second, that they have been denied the equal protection of the law in their right to follow the orderly procedures promulgated with regard to the approval of land use. For these allegedly suffered deprivations, Plaintiffs sought damages under Section 1983.
 
 II.
 
 6
 We need not belabor the point. Plaintiffs base their cause of action on the Defendants' conduct in seeking state administrative review and state judicial review of the land use decision of the Manatee County Board of County Commissioners. We are constrained to hold that Section 1983 does not provide a remedy for such a claim of misuse of legal procedure.[6]
 
 
 7
 Of course, litigiousness which gives rise to a common law tort action for misuse of legal procedure may be so egregious as to constitute a violation of Section 1983 as well, if the tort-feasor, under color of state law, subjects the tort-victim to a deprivation of Constitutional dimension.[7] It follows, however, that conduct which merely engenders common law tort liability, without infringing on Constitutionally protected interests, is not a sufficient basis to support a cause of action under Section 1983. Section 1983 simply does not provide a remedy for mere common law torts, even though committed under color of state law.[8]
 
 
 8
 More specifically the common law tort of misuse of legal procedure, without more, does not rise to the level of Constitutional wrong remedied by Section 1983. In Curry v. Ragan, 257 F.2d 449, 450 (5th Cir.), Cert. denied, 358 U.S. 851, 79 S.Ct. 78, 3 L.Ed.2d 85 (1958), this Court held, Inter alia :
 
 
 9
 Neither the Fourteenth Amendment nor the Civil Rights Acts purported to secure a person against unfounded or even malicious claims or suits in state courts, especially so when the laws and courts of the state are available and furnished adequate remedies to a person aggrieved.
 
 
 10
 While we sympathize with Appellant's obvious sincerity, if he has any remedy for the matters complained of, that remedy does not lie within the jurisdiction of the federal courts.
 
 
 11
 See also Yglesias v. Gulfstream Park Racing Association, Inc., 201 F.2d 817, 818 (5th Cir.), Cert. denied, 345 U.S. 993, 73 S.Ct. 1132, 97 L.Ed. 1400 (1953); Lyons v. Baker, 180 F.2d 893 (5th Cir. 1950); Whittington v. Johnson, 102 F.Supp. 352, 353 (N.D.Ala.1952), Aff'd, 201 F.2d 810 (5th Cir.), Cert. denied, 346 U.S. 867, 74 S.Ct. 103, 98 L.Ed. 377 (1953).
 
 
 12
 This view has been accepted by other Courts,[9] and we accept this view as controlling Plaintiffs' assignment of error here.[10] Plaintiffs simply have failed to allege a deprivation of Constitutional dimension. Therefore, the judgment appealed from must be and is
 
 
 13
 AFFIRMED.
 
 
 
 [1]
 "Misuse of legal procedure" is a general term describing at least three separate but related common law torts which protect the interest in freedom from unjustified litigation: (1) malicious prosecution; (2) wrongful civil proceedings; (3) abuse of process. See generally Prosser, The Law of Torts §§ 119-121 (4th ed. 1971). Given our result, we need not decide which, if any, of these common law torts is involved here. For our purposes, the generic term will suffice
 
 
 [2]
 Beker Phosphate Corporation is a wholly-owned subsidiary of Beker Industries Corporation
 
 
 [3]
 Section 1983 provides:
 Civil action for deprivation of rights
 Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.
 
 
 [4]
 See also Fla.Const. Art. II § 7 (1968)
 
 
 [5]
 Plaintiffs inadvertently seem to have pleaded themselves into a "Catch-1983." If they would show that they postponed their project because Defendants' two reviews appeared viable, then Plaintiffs detract much from their argument that Defendants' appeals were wholly without merit and constituted the misuse of legal procedure. If they would show that Defendants' two reviews were wholly without merit, then Plaintiffs would be hard-pressed to explain why they did postpone their project to their alleged detriment. See Fla.Stat.Ann. § 380.07(2). We need not solve this conundrum, given our result
 
 
 [6]
 See note 1, Supra
 
 
 [7]
 See Nesmith v. Alford, 318 F.2d 110, 126 (5th Cir. 1963), Cert. denied, 375 U.S. 975, 84 S.Ct. 489, 11 L.Ed.2d 420 (1964); Moffett v. Commerce Trust Co., 187 F.2d 242, 248 (8th Cir.), Cert. denied, 342 U.S. 918, 72 S.Ct. 32, 96 L.Ed. 618 (1951), Quoting Bottone v. Lindsley, 170 F.2d 705, 707 (10th Cir. 1948); Wyland v. James, 426 F.Supp. 304 (N.D.Tex.1977)
 
 
 [8]
 This Court observed as much in Dorsey v. NAACP, 408 F.2d 1022, 1024 (5th Cir.), Cert. denied, 396 U.S. 847, 90 S.Ct. 58, 24 L.Ed.2d 97 (1969):
 Any plaintiff who can allege deprivation of a Federal right by reason of action under color of law can maintain his action under Section 1983. But it is axiomatic that these civil rights statutes of the post-bellum period were not intended to preempt state laws in their proper role of vindicating what are essentially state-guaranteed rights.
 The United States Supreme Court recognized this principle in Paul v. Davis, 424 U.S. 693, 699-701, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976).
 
 
 [9]
 See, e. g., Monroe v. Pape, 365 U.S. 167, 240 n. 68, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961) (Frankfurter, J., concurring and dissenting); Paskaly v. Seale, 506 F.2d 1209 (9th Cir. 1974); Martin v. King, 417 F.2d 458 (10th Cir. 1969); McShane v. Moldovan, 172 F.2d 1016 (6th Cir. 1949); Viles v. Symes, 129 F.2d 828 (10th Cir.), Cert. denied, 317 U.S. 633, 63 S.Ct. 67, 87 L.Ed. 511 (1942); Curtis v. Rosso & Mastracco, Inc., 413 F.Supp. 804 (E.D.Va.1976); Taylor v. Nichols, 409 F.Supp. 927 (D.Kan.1976), Aff'd, 558 F.2d 561 (10th Cir. 1977); Hahn v. Sargent, 388 F.Supp. 445 (D.Mass.), Aff'd, 523 F.2d 461 (1st Cir. 1975), Cert. denied, 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976); Bradford v. Lefkowitz, 240 F.Supp. 969 (S.D.N.Y.1965); Bartlett v. Duty, 174 F.Supp. 94 (N.D.Ohio 1959); Graves v. City of Bolivar, 154 F.Supp. 625 (W.D.Mo.1957)
 
 
 [10]
 Mr. Justice Brandeis once observed: "Stare decisis is usually the wise policy, because in most matters it is more important that the applicable rule of law be settled than that it be settled right." Burnet v. Coronado Oil & Gas Co., 285 U.S. 393, 52 S.Ct. 443, 76 L.Ed. 817 (1932) (Brandeis, J., dissenting). On our own part, once we deem a prior decision controlling we cannot examine its rightness, absent intervening Supreme Court or En banc precedent. United States v. Evans, 572 F.2d 455, 477-78 n. 23 (5th Cir. 1978)