Robert M. MAYRONNE, individually and on behalf of his minor children

v.

Susan VAUGHT, et al.

Civ. A. No. 93–1380.

United States District Court, E.D. Louisiana.

Feb. 23, 1994.

In a civil action under [the preceding paragraph], the court ... may award such other relief as the court considers to be appropriate, including monetary damages to persons aggrieved when requested by the Attorney General....

Servando C. Garcia, III, Joseph F. Bishop, Law Office of Joseph Bishop, Metairie, LA, for plaintiff.

Rose Polito Wooden, Louisiana Dept. of Justice, Baton Rouge, LA, for Susan Vaught, Jane Voorhies, Patrick J. Delouise and Lynn Folse.

William V. Dalferes, Jr., Mary Lynne Friedman, Joseph I. Giarrusso, Jr., James M. Garner, Patrick J. O'Cain, McGlinchey Stafford Lang, P.C., New Orleans, LA, for Melva Cox.

Michael M. Meunier, Elaine Wills Selle, Locke Purnell Rain Harrell, P.C., New Orleans, LA, for Steve Taylor, M.D.

Eavelyn Terry Brooks, Bastian & Wynne, New Orleans, LA, for Valerie F. Turgeon.

## ORDER AND REASONS

LIVAUDAIS, District Judge.

Plaintiff, Robert M. Mayronne, individually and on behalf of his minor children, brings this action pursuant to 42 U.S.C. § 1983 claiming that defendants deprived him and his children of their civil rights as the result of a child sexual abuse investigation conducted by defendants. Defendants, Susan Vaught, Jane Voorhies, Patrick J. Delouise, and Lynn Folse, move for summary judg-

ment dismissing plaintiff's claims against them. Defendant Valerie F. Turgeon, Ph.D. moves for dismissal of plaintiff's claims against her pursuant to Rule 12(b)(6) for failure to state a claim, pursuant to Rule 17(b) for lack of procedural capacity by Mr. Mayronne to sue on behalf of his children, or in the alternative, for summary judgment pursuant to Rule 56. Defendant Melva Cox moves pursuant to Rule 12(b)(6) for dismissal of plaintiff's claims for failure to state a claim upon which relief can be granted. Finally, defendant Steve M. Taylor, M.D., moves for dismissal of plaintiff's claims pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction contending that he is not diverse from plaintiff and that plaintiff's claims against him are based solely on state law. Plaintiff has filed a memorandum in opposition to the motions for summary judgment, which memorandum he adopts in support of his opposition to the motions to dismiss filed by Cox and Turgeon. Plaintiff has not opposed the motion to dismiss filed by Taylor.

## I. Facts

In April 1992, Michelle Mayronne, Robert's wife, contacted Melva Cox and accused Robert of sexually abusing their daughter, Laine, age 9. At the time, Melva Cox was a social worker who had been seeing Mrs. Mayronne for her alcohol problem. Shortly after the allegation regarding Laine, Mrs. Mayronne told Ms. Cox that Robert had sexually abused their four year old son Bryson as well.

Steve Taylor, M.D., is a psychiatrist who had been treating Michelle Mayronne for alcoholism. In late April 1992, after being called by Melva Cox, Taylor met with Robert Mayronne regarding the allegations of sexual abuse. According to Mr. Mayronne, Dr. Taylor coerced the plaintiff to enter a psychiatric facility, and violated Louisiana law by not immediately reporting the allegations of abuse to the Office of Community Services.

On or about April 29, 1992, the Office of Community Services ("OCS"),[1] St. Tammany Parish, received a report alleging sexual abuse toward Bryson Mayronne by the child's father. Susan Vaught was assigned to investigate the allegation. Vaught works for OCS as a Social Service Specialist II.[2]

On April 30, 1992, Vaught conducted interviews with Mrs. Mayronne, Bryson, Laine, Mr. Mayronne and Melva Cox, as well as with other family members. Following the initial interviews, OCS began an investigation into the allegations of sexual abuse. OCS requested that Mr. Mayronne suspend all contact with his children during the investigation, which he voluntarily did.

As part of the investigation, Susan Vaught requested that Melva Cox conduct interviews and disclosure sessions with Bryson. On May 18, 1992, during the second such session, Bryson, using anatomical dolls, disclosed to Cox details of abuse by his father.

Laine, Bryson, and Mr. and Mrs. Mayronne were also seen by Dr. Valerie Turgeon. Dr. Turgeon is a developmental psychologist licensed to practice in Louisiana. She was contacted by OCS in May 1992 and asked to make psychological evaluations of the May-

---

1. The OCS is an office within the State of Louisiana, Department of Social Services.

2. The duties of a Social Service Specialist II include providing journeyman specialized social services to clients in priority programs of the Office of Human Development; Division of Children, Youth and Family Services. Examples of the duties which may be performed by a Social Service Specialist II are listed in the State of Louisiana Civil Service Job Description, (see Exhibit 9 to the motion of defendants, Vaught, et al, for summary judgment), and include:

● Provide support counseling and services;
● Interview clients, families, etc., and compile psychosocial assessments; and

● Prepare and submit appropriate reports to the Court or District Attorney on cases in compliance with state laws and agency policy.
With respect to child protective services, the Job Description specifies that a Social Service Specialist II may:
● Conduct investigations of alleged child abuse or neglect;
● Determine status of the child/adult to evaluate extent of danger/risk;
● Provide services required for the clients' immediate safety, for example, removal and placement in foster home, or with relatives, etc. Refer adult clients to appropriate community resources; and
● Obtain information from family members and collaterals to determine validity/invalidity of allegations.

ronne family and submit a written report, including recommendations for future treatment and/or services to be provided to the family. During a session with Bryson, the boy allegedly disclosed to Dr. Turgeon that his father had sexually abused him. Dr. Turgeon's report to OCS indicated her belief that Robert Mayronne was a child molester.

On June 4, 1992, Detective Grant Ross of the St. Tammany Parish Sheriff's Office tape recorded an interview between Susan Vaught and Bryson. According to plaintiff, Vaught directed Bryson throughout the interview and insisted that he answer in the manner in which she instructed. In this fashion, Robert claims that Vaught obtained statements from Bryson suggesting that plaintiff had abused the boy.

On June 22, 1992, OCS sent a report to the St. Tammany Parish District Attorney's Office alleging that the child abuse charges against Robert Mayronne involving Bryson were valid. The "valid" finding was said to be based on Bryson's statements, the statements of Bryson's sister Laine, Melva Cox's evaluation, and Valerie Turgeon's evaluation.

As a consequence of the OCS report, Robert Mayronne was arrested on charges of child sexual abuse. However, the charges were subsequently dropped and no further action has been instituted by the OCS against Robert Mayronne.

In October 1992, Robert Mayronne filed an action in the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana, requesting custody/visitation of his children which were in the physical custody of their mother. However, prior to a hearing in that action, OCS filed a "Child in Need of Care" ("CINC") petition with the juvenile court which plaintiff contends prevented the court from going forward with the action he had filed. On January 28, 1993, the juvenile court entered a judgment dismissing the CINC action, and further found that the entire Mayronne family, including Michelle, Robert and the children, was a dysfunctional family needing supervision. Accordingly, the court ordered that the children remain in the custody of their mother, supervised by OCS, and that Robert be granted immediate visitation rights, also supervised by OCS.

Jane Voorhies is a Social Service Specialist II employed by OCS as a Family Service Worker. Voorhies was assigned to the Mayronne case in early May 1992 and participated throughout the pendency of the investigation.

Patrick Delouise and Lynn Folse are also employed by OCS where each is classified as a Social Services Supervisor I. Delouise is the direct supervisor of defendant Voorhies, while Vaught is directly supervised by Folse.

## II. Plaintiff's Claims

Robert Mayronne claims that Vaught, Voorhies, Delouise and Folse (collectively, "OCS defendants"), conducted the OCS investigation below any reasonable or accepted standards for such investigations. Plaintiff contends that OCS ignored evidence of Mrs. Mayronne's drinking and the couple's marital discord when assessing the validity of abuse allegations, and that OCS personnel coerced him and his children throughout the investigation. Mr. Mayronne also claims that the OCS defendants ignored the policies and regulations of their own agency, as well as the applicable state law relating to child abuse. Plaintiff's pleadings also allege that the OCS defendants communicated the results of their substandard investigation to the St. Tammany District Attorney in bad faith, and with the intent to cause harm to Mr. Mayronne. Plaintiff further alleges that the OCS defendants aided and abetted Michelle Mayronne in her marital dispute with Robert.

With respect to defendants Cox and Turgeon, Mr. Mayronne claims they aided and abetted the OCS defendants by conducting an investigation which failed to meet any reasonable standards of their professions, including failure to abide by established procedures, and in the case of Cox, violation of her obligation to avoid conflict of interest. As a result of their participation in the substandard investigation, plaintiff argues that these two defendants effectively conspired with the OCS defendants to deny plaintiff and his children their civil rights. Plaintiff also claims that these two defendants, as well as defendant Taylor, committed malpractice,

which claims are properly before the Court on the theory of pendent jurisdiction.

The actions by defendants were done with such gross negligence and total disregard for reasonable standards, plaintiff argues, that they constitute intentional and deliberate actions. As a result of the defendants' actions, Mr. Mayronne claims that he was denied access to his children, and denied the right to supervise and protect his children. Plaintiff further claims that because of defendants' wrongful actions, he was criminally charged with child abuse, and subjected to embarrassment and ridicule. Taken together, plaintiff claims the defendants violated his constitutional right to be protected from malicious prosecution, and the right to due process of law. In addition, plaintiff claims that his rights, and those of his children, to privacy and family integrity were violated by defendants' actions.

## III. Analysis

### A. Summary Judgment Standard

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). In opposing a properly supported motion for summary judgment, the nonmoving party "may not rest upon the mere allegations or denials of [its] pleadings, but the [nonmoving] party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). In determining the existence of a genuine issue for trial, a court must view the evidence in the light most favorable to the nonmovant, and any reasonable doubt as to the existence of a genuine issue must be resolved in favor of the nonmoving party. If, on a motion pursuant to Rule 12(b)(6), the court considers matters outside of the pleadings, the motion is treated as one for summary judgment.

### B. The *Doe* Decision

The Court finds that the recent Fifth Circuit opinion in *Doe v. State of Louisiana*, 2 F.3d 1412 (5th Cir.), *reh'g en banc denied*, 9 F.3d 105 (1993), controls this litigation. Because of the similarity between *Doe* and the instant case, the Court summarizes *Doe* below.

In *Doe*, the plaintiff brought suit individually and on behalf of his minor children pursuant to 42 U.S.C. § 1983 claiming violation of their Fourteenth Amendment rights by various state employees and entities during a child sexual abuse investigation. The investigation was initiated following a routine medical examination of Doe's minor daughter which revealed conditions suggestive of sexual abuse.

Following notification by the child's doctor, OCS initiated an investigation. The OCS caseworker assigned to the investigation insisted that Doe have no contact with his children and he complied. Following an interview with the daughter conducted outside the presence of either parent, the caseworker informed the mother that the girl had been sexually abused. In addition, the Jefferson Parish Sheriff's Office purportedly interviewed the girl and also concluded that abuse had occurred. However, on the third day of the investigation, a psychologist selected by OCS interviewed and evaluated the mother and the daughter and concluded that there was no evidence of sexual abuse.

At the outset of the investigation, Doe's other minor child was in North Carolina visiting his paternal grandparents. Upon learning that Doe was planning to travel to North Carolina to pick up the boy and return to New Orleans, the OCS caseworker and her supervisor wrote to the 24th Judicial District Court and falsely described the son as a victim of sexual abuse, identified Doe as the alleged perpetrator, and stated that the boy was in urgent danger. On these representations, court orders were issued and the mother went to North Carolina, where accompanied by the local sheriff, she took legal

custody of the boy and returned to New Orleans.

Following an expedited custody hearing, a judge for the 24th Judicial District Court determined that the OCS casefile contained at least one material factual misrepresentation with respect to the physical examination of the daughter. The judge subsequently placed the son and daughter in the custody of the paternal grandparents. Thereafter, the OCS caseworker and a detective from the Jefferson Parish Sheriff's Office interviewed the son. However, the caseworker and detective refused to videotape the interview or allow an independent child psychologist to be present. Although the interview proved inconclusive, the caseworker ordered a proctoscopic examination of the boy, despite objections by both his parents. The examination produced no evidence of abuse. Subsequently, based on information provided by the caseworker, the District Attorney instituted a child in need of care proceeding.

Thereafter, in an effort to transfer custody of the children to the mother, the caseworker falsely informed the District Attorney that the grandparents would not allow the daughter to attend counseling sessions. In addition, the caseworker instituted an unjustified investigation of abuse by the grandparents which was eventually dropped when Doe's counsel intervened. Furthermore, it was alleged that the OCS told the mother that the children would be placed in a foster home if she failed to provide evidence that the children were abused by Doe.

At the CINC hearing held about four months after the investigation started, the court found that there was no proof of abuse by Doe. A videotape of an interview with the daughter indicated no abuse had occurred, and two psychologists who testified at the hearing also concluded an absence of abuse. The treating physician also testified that no abuse had occurred, and even the caseworker conceded that the son had never made a statement to her establishing that either child had been abused.

In his complaint, Doe claimed that the defendants, including the caseworker and her supervisor, attempted to manipulate the children to give false evidence against Doe,

coerced the mother, created false evidence, withheld and ignored exculpatory evidence, and made misrepresentations to the mother, two judges, and the District Attorney, thereby interfering with plaintiff's right to family integrity under the Fourteenth Amendment. Doe also alleged that the defendants pursued their investigation against him despite the lack of evidence of sexual abuse, in violation of Doe's Fourteenth Amendment right to be free from malicious prosecution. Finally, Doe claimed that his children's right to privacy was violated as a result of their being subjected to culdoscopic and proctoscopic examinations.

### C. Qualified Immunity

■ "Child care workers are entitled to qualified immunity in the performance of discretionary, non prosecutorial functions." *Doe*, 2 F.3d at 1416 (citing cases). Qualified immunity shields government officials performing discretionary functions "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). *See also Doe*, 2 F.3d at 1416 (" '[T]he right the official is alleged to have violated must have been "clearly established" in a ... particularized ... sense.... [I]n light of the preexisting law the unlawfulness must be apparent' ") (quoting *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987)).

#### 1. Family Integrity

■ In *Doe*, the Fifth Circuit held that the right of family integrity, while perhaps recognized as a constitutional right under the Fourteenth Amendment, was not so sufficiently particularized that a reasonable official would understand that his or her actions violated that right. *Doe*, 2 F.3d at 1416–17. As a result, the court concluded that the defendants were immune from prosecution for violating Doe's right to family integrity

on the basis of qualified immunity. *Id.* at 1418.[3]

Similarly here, Mr. Mayronne's claim for violation of the right to family integrity cannot stand. The OCS defendants, and those persons retained by the OCS to aid in the abuse investigation are immune on the theory of qualified immunity.[4] Furthermore, the Court notes that in comparing plaintiff's pleadings with the facts of *Doe*, the facts in *Doe* appear even more egregious than those alleged here. Given that qualified immunity on the issue of family integrity was allowed in *Doe*, it only follows that it should also apply here.

### 2. Malicious Prosecution

■ In the instant action, while Mr. Mayronne was arrested as a result of the report submitted to the District Attorney, the action was dropped and he was not criminally prosecuted. Thus, his claim for malicious prosecution based on a criminal prosecution which never occurred must fail. However, Mayronne argues that this is an instance where the misuse of legal process in civil proceedings (the juvenile proceedings) was so egregious as to rise to the level of a constitutional violation. For support, Mr. Mayronne relies on *Doe* which states in pertinent part that "a claim of malicious prosecution [in a civil action] may state a constitutional violation in some instances: 'litigiousness which gives rise to a common law tort action for misuse of legal procedure may be so egregious as to constitute a violation of § 1983 as well, if the tort-feasor, under color of state law, subjects the tort-victim to a deprivation of constitutional dimension.'" *Id.* at 1419 (quoting *Beker Phosphate Corp. v. Muirhead*, 581 F.2d 1187, 1189 (5th Cir.1978)).

■ However, despite recognizing that the abuse of the civil process might give rise to a constitutional claim, the Fifth Circuit concluded that freedom from malicious prosecution based on civil actions is not a clearly established constitutional right. *Doe*, 2 F.3d at 1420. Because it is not a clearly established constitutional right, Mr. Mayronne's claims for malicious prosecution are barred by the theory of qualified immunity.

### 3. Right to Privacy

■ Plaintiff also argues that his right to privacy, and the right to privacy of his children, was violated by defendants. Plaintiff relies primarily on the fact that his son, Bryson, was subjected to a physical examination, including a rectal inspection, as part of the abuse investigation. However, in *Doe*, the Fifth Circuit cites Louisiana law which provides that, child care workers with reason to believe that a child has been sexually abused may obtain a court order for a physical examination of the child. *Doe*, 2 F.3d at 1420. In addition, the court points to cases from other federal circuits which allowed qualified immunity from constitutional claims for state workers who physically examined unclothed children suspected of being sexually abused. *Id.* Consequently, the Court must conclude, as directed by *Doe*, that the violation of the right to privacy claimed by Mr. Mayronne was not clearly established, thus barring his claim on the theory of qualified immunity.

### 4. Due Process

■ Plaintiff also claims that his right to due process of law was violated as a result of the OCS investigation. Plaintiff claims this violation resulted because of OCS's decision to commence a CINC proceeding while plaintiff's civil proceeding was pending. Commencement of the CINC action, according to

---

**3.** The court also noted that Doe's allegations that defendants' actions were done with malice "fail[ed] to transform the liberty interest in family integrity into a clearly established constitutional right." *Doe*, 2 F.3d at 1418 n. 13.

**4.** While plaintiff has not alleged Cox or Turgeon to be state actors as required to maintain his § 1983 action against them, for purposes of these motions, the Court treats the actions by these defendants performed in conjunction with the OCS investigation as state actions. This being

so, Cox and Turgeon may also avail themselves to the defense of qualified immunity for their actions associated with the investigation. *See Watertown Equipment Co. v. Norwest Bank Watertown*, 830 F.2d 1487, 1489 (8th Cir.1987), *cert. denied*, 486 U.S. 1001, 108 S.Ct. 1723, 100 L.Ed.2d 188 (1988) (extending the protection of qualified immunity to private individuals "who act in joint participation with public officials . . .").

plaintiff, effectively robbed him of his right to proceed with his action and thus denied plaintiff due process.

Plaintiff cites no authority for his novel theory of due process. Indeed, given the absence of such authority, the Court would be hard pressed to find that the defendants should have known they were violating a clearly established constitutional right. Consequently, plaintiff's due process claims must also fail on the basis of qualified immunity.

### D. Malpractice Claims

█ Inasmuch as jurisdiction in this Court over this action is based on § 1983, and inasmuch as plaintiff's § 1983 claims are barred on the theory of qualified immunity, plaintiff's remaining malpractice claims against Cox, Turgeon, and Taylor must be dismissed for lack of subject matter jurisdiction over these nondiverse defendants.[5]

Accordingly,

IT IS ORDERED that the motion of defendants, Vaught, Voorhies, Delouise and Folse, for summary judgment dismissing plaintiff's claims against them (Rec.Doc. 12), be and hereby is GRANTED.

IT IS FURTHER ORDERED that the motions of defendants, Melva Cox, Valerie F. Turgeon, Ph.D., and Steve M. Taylor, M.D., to dismiss plaintiff's claims against them (Rec.Docs. 31, 28, and 47, respectively), be and hereby are GRANTED.

IT IS FURTHER ORDERED that the pre-trial conference set for April 19, 1994 at 9:00 a.m., and the jury trial set for May 16, 1994 at 9:30 a.m., be and hereby are CANCELED. Pursuant to ULLR 5.13, Counsel are directed to timely notify every witness who has been subpoenaed that his or her attendance will not be required.

### JUDGMENT

Considering the pleadings, the record, the applicable law, and for the reasons assigned in the Order and Reasons dated this date,

IT IS ORDERED, ADJUDGED, AND DECREED that there be judgment herein in

favor of defendants, Susan Vaught, Jane Voorhies, Patrick J. Delouise, Lynn Folse, Valerie F. Turgeon, Ph.D., Melva Cox, and Steve M. Taylor, M.D., and against plaintiff, Robert M. Mayronne, individually and on behalf of his minor children, DISMISSING PLAINTIFF'S CLAIMS AGAINST DEFENDANTS.

---

5. The Court notes that plaintiff does not allege a federal cause of action against defendant Taylor, and the action against this defendant should be dismissed notwithstanding the posture of the § 1983 claims against the other defendants.