[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12614
Non-Argument Calendar
_____

D.C. Docket No. 0:12-cv-62009-WJZ

FRANCIS THOMAS GREISER, JR.,

Plaintiff-Appellant,

versus

WHITTIER TOWERS APTS. ASSOC. INC.,
MICHAEL K. SCHWEITZER,
individually and in his official capacity as
Whittier Towers Board President,
MICHAEL KALOGRIDIS,
THOMAS PIZZI, JR.,
SERGE VIDAL, et al.,

Defendants-Appellees,

ANN MICHAELIDES,

Defendant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 3, 2014)

Before PRYOR, JORDAN and FAY, Circuit Judges.

PER CURIAM:

Francis Greiser, Jr. appeals pro se the dismissal of his second amended complaint against Whittier Towers Apartments Association Inc., a residential apartment association, and three of its board members, Michael K. Schweitzer, Michael Kalogridis, Thomas Pizzi Jr., and Serge Vidal (collectively "the Association"). Greiser filed an amended complaint for damages and to enjoin the Association from violating his right of free speech under the First Amendment by censoring his newsletters to homeowners; his right to be free from an "unlawful seizure" of his apartment under the Fourth Amendment; his right to due process under the Fourteenth Amendment in an action to evict; and state laws that prohibited "fil[ing] false charges and spread[ing] false information." The Association moved to dismiss Greiser's complaint for failure to state a claim. See Fed. R. Civ. P. 12(b)(6). The district court granted the motion and dismissed with prejudice Greiser's federal claims and declined to exercise supplemental jurisdiction over his claims under Florida law, which the district court dismissed without prejudice. We affirm.

The district court correctly dismissed Greiser's second amended complaint. Greiser failed to allege that the Association acted under color of state law. See 42 U.S.C. § 1983. Even if accepted as true, Greiser's allegations failed to establish

that the State of Florida or any state entity "coerced or . . . significantly encouraged" the Association to censor Greiser's newsletter or to evict Greiser, see Rayburn ex rel. Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001); the Association performed a function "exclusively reserved to the state" when it screened potential tenants, serviced its apartment building, or censored Greiser's newsletter, see Carlin Commc'n, Inc. v. S. Bell Tel. & Tel. Co., 802 F.2d 1352, 1361 (11th Cir. 1986); or the Association acted as a "surrogate for the state" by virtue of being incorporated under state law or using its laws to evict Greiser, see Focus on the Family v. Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1279 (11th Cir. 2003); see also Beker Phosphate Corp. v. Muirhead, 581 F.2d 1187, 1189–90 (5th Cir. 1978).  Greiser argues, for the first time on appeal, that the "continuing prosecution of the state eviction action [constitutes cruel and unusual punishment that] is prohibited by the Eighth Amendment," but we will not consider a claim not presented to the district court.  See Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1331 (11th Cir. 2004).

The district court did not abuse its discretion when it declined to exercise supplemental jurisdiction over Greiser's remaining claims under state law.  A district court may decline to exercise supplemental jurisdiction over a claim after dismissing all claims over which it has original jurisdiction.  28 U.S.C. § 1367(c)(3).  In fact, we "encourage[ ] district courts to dismiss any remaining

3

state claims when, as here, the federal claims have been dismissed prior to trial."

Raney v. Allstate Ins. Co., 370 F.3d 1086, 1089 (11th Cir. 2004).

The district court also did not abuse its discretion when it denied Greiser's request for injunctive relief.  To obtain a preliminary injunction, a party must establish that there is a substantial likelihood that he will prevail on the merits.  See Sofarelli v. Pinellas Cnty., 931 F.2d 718, 723–24 (11th Cir. 1991).  Because Greier's complaint failed to state a claim, he was not entitled to a preliminary injunction.

We **AFFIRM** the dismissal of Greiser's second amended complaint.