George SISK, Plaintiff–Appellant,

v.

Mary Hawkins LEVINGS, et al., Defendants–Appellees.

———

Anne KING, Plaintiff–Appellant,

v.

Mary Hawkins LEVINGS, et al., Defendants–Appellees.

———

Richard MacNEALY, Plaintiff–Appellant,

v.

Mary Hawkins LEVINGS, et al., Defendants–Appellees.

———

Diane N. HUGHES, Executrix of the Estate of Earline Nations, Deceased, Plaintiff–Appellant,

v.

Mary Hawkins LEVINGS, et al., Defendants–Appellees.

———

Washington GROSS, Plaintiff–Appellant,

v.

Mary Hawkins LEVINGS, et al., Defendants–Appellees.

No. 88–4378.

United States Court of Appeals, Fifth Circuit.

March 21, 1989.

James H. Herring, Herring, Long & Joiner, Canton, Miss., for plaintiff-appellant.

Richard M. Edmonson, Dewitt L. Fortenberry, Jr., Edmondson, Biggs & Jelliff, Jackson, Miss., for defendants-appellees.

Before BROWN, JOHNSON, and DAVIS, Circuit Judges.

JOHNSON, Circuit Judge:

Plaintiffs, the manager and directors of Bear Creek Water Association (Bear Creek

Directors), a nonprofit rural water association, brought the instant suit against the mayor and board of aldermen of the City of Madison, Mississippi (Madison city officials) pursuant to 42 U.S.C. § 1983. In their section 1983 suit, the Bear Creek Directors allege that the Madison city officials deprived them of due process by initiating purportedly unfounded and malicious legal proceedings challenging the authority of the Bear Creek Directors to govern the Bear Creek Water Association (Bear Creek). The district court dismissed the complaint of the Bear Creek Directors for failure to state a cognizable claim pursuant to Fed.R.Civ.P. 12(b)(6). The Bear Creek Directors now appeal the dismissal of their claim to this Court. Persuaded that the facts, as alleged by the Bear Creek Directors in their complaint, do not rise to the level of a constitutional deprivation within the context of 42 U.S.C. § 1983, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

The instant action is the latest in a series of legal proceedings between the City of Madison and Bear Creek stemming from the efforts of Madison to acquire control of Bear Creek water facilities located within Madison city limits. In *Madison v. Bear Creek Water Association, Inc.*, 816 F.2d 1057 (5th Cir.1987), one such earlier legal entanglement between these parties, this Court set forth the following relevant historical background underlying the parties' differences which is equally applicable to the instant appeal.

> In the early 1970's, Bear Creek, a nonprofit corporation, was organized to seek a certificate of public convenience and necessity from the Mississippi Public Utility Commission to operate a rural water utility. As the proposed certificated area was within one mile of the city limits of Madison, the city's acquiescence was necessary before the certificate could be issued. In 1971, the city agreed to relinquish its rights in the area, and Bear Creek received the certificate of public convenience. Since this time, Bear Creek has installed and operated the wa-

ter system in the certificated area, financed by five loans from FmHA.

> However, during this time the City of Madison has grown substantially, and its boundaries now include a part of the area served by Bear Creek. In 1985, the city instituted eminent domain proceedings to condemn Bear Creek's facilities located within city limits as well as Bear Creek's certificate to operate in that area. This area includes approximately 40% of Bear Creek's customers, and 60% of Bear Creek's water supply facilities, including its water plant, wells, and feeder mains.

*Madison*, 816 F.2d at 1058 (footnote omitted). In *Madison*, this Court affirmed the judgment of a federal district court precluding municipal condemnation by Madison of Bear Creek's water facilities pursuant to 7 U.S.C. § 1926(b) during the term of indebtedness of Bear Creek to the Farmers Home Administration (FmHA).

Following the decision of this Court in *Madison*, the Madison city officials, apparently continuing in their efforts to expand the Madison municipal water system into the area serviced by Bear Creek, filed a derivative action against the manager and directors of Bear Creek. The derivative action initiated by the Madison city officials charged the Bear Creek Directors with fraud and mismanagement in their duties as officers and directors of Bear Creek, sought to void all outstanding loans from FmHA to Bear Creek, and sought to hold the Bear Creek Directors personally liable for the FmHA loans.

Thereafter, the Bear Creek Directors filed the instant suit against the Madison city officials in their individual and official capacities seeking damages for an alleged constitutional deprivation of due process pursuant to 42 U.S.C. § 1983. Specifically, the Bear Creek Directors maintain in their complaint that the derivative action filed by the Madison city officials constitutes an unconstitutional misuse of legal process in that the derivative action was purportedly malicious and unfounded. The Madison city officials subsequently filed a motion to dismiss the Bear Creek Director's section

1983 complaint in the instant appeal pursuant to Fed.R.Civ.P. 12(b)(6). In granting the Madison city officials' motion to dismiss, the district court concluded that the Bear Creek Directors did not allege sufficient facts in their complaint which, if proven, would assert a claim of misuse of legal process rising to the level of a constitutional deprivation within the context of section 1983. We affirm.

## II. DISCUSSION

On appeal, the Bear Creek Directors contend that the district court erred in dismissing their section 1983 complaint for failure to state a claim. A district court should refrain from granting a motion to dismiss pursuant to Rule 12(b)(6) unless it appears, from a reading of the plaintiff's complaint, that the plaintiff has failed to set forth facts which, if proven, would establish a violation of a constitutional right. *Auster Oil & Gas, Inc. v. Stream*, 764 F.2d 381, 386–87 (5th Cir.1985), *cert. dismissed,* — U.S. ——, 108 S.Ct. 2007, 100 L.Ed.2d 237 (1988). It should be noted, however, that to state a cognizable claim under section 1983, a plaintiff may not merely plead conclusory allegations, but must instead set forth specific facts, which if proven, would warrant the relief sought. *Elliott v. Perez*, 751 F.2d 1472, 1479 (5th Cir.1985).

In the instant case, the Bear Creek Directors assert in their complaint that the Madison city officials deprived them of their constitutional due process rights through misuse of legal procedure or process. Specifically, the Bear Creek Directors challenge as unfounded and malicious the derivative action initiated by the Madison city officials which refutes the authority of the Bear Creek Directors to govern Bear Creek and which seeks to hold the Directors personally liable for any outstanding FmHA loans to Bear Creek. Relying on the previous holding of this Court in *Madison* that the City of Madison is prohibited from attempting to acquire control of Bear Creek water facilities while Bear Creek is indebted to the FmHA, the Bear Creek Directors maintain in their complaint, and on appeal, that the derivative suit filed by the Madison city officials amounts to no more than an attempt to circumvent the previous Fifth Circuit ruling in *Madison* by shifting the FmHA indebtedness from Bear Creek itself to the Bear Creek Directors. For the following reasons, we conclude that the above allegations of the Bear Creek Directors do not establish a constitutional deprivation by state officials within the context of section 1983.

As noted previously, the basis of the Bear Creek Directors' section 1983 claim of a constitutional deprivation is a purported misuse of legal procedure by the Madison city officials. "Misuse of legal procedure" has been previously described by this Court as encompassing three separate but related common law torts which protect the interest in freedom from unjustified litigation: (1) malicious prosecution; (2) wrongful civil proceedings; and (3) abuse of process. *Beker Phosphate Corp. v. Muirhead*, 581 F.2d 1187, 1188 n. 1 (5th Cir.1978). In *Beker Phosphate Corp. v. Muirhead*, this Court stated that:

> [L]itigiousness which gives rise to a common law tort action for misuse of legal procedure may be so egregious as to constitute a violation of Section 1983 as well, if the tort-feasor, under color of state law, subjects the tort-victim to a deprivation of Constitutional dimension. It follows, however, that conduct which merely engenders common law tort liability, without infringing on constitutionality protected interests, is not a sufficient basis to support a cause of action under Section 1983. Section 1983 simply does not provide a remedy for mere common law torts, even though committed under color of state law.
>
> More specifically the common law tort of misuse of legal procedure, without more, does not rise to the level of constitutional wrong remedied by Section 1983.

581 F.2d at 1189 (footnotes omitted). In *Beker*, this Court declined to find a section 1983 constitutional deprivation where the Board of County Commissioners sought state administrative review and state judicial review of a land use decision to the detriment of the plaintiff in that case. *Id.*

Recently, this Court has reaffirmed the *Beker* rule in *Whatley v. Philo,* 817 F.2d 19 (5th Cir.1987), stating that "to be actionable under § 1983, the misuse of legal process must be 'egregious.'" *Whatley,* 817 F.2d at 22. As in *Beker,* however, the *Whatley* Court declined to find a section 1983 violation on the facts of that case.

Applying the above law to the facts of the instant case, we, like the district court, do not believe the facts, as alleged by the Bear Creek Directors in their complaint, amount to the "egregious" misuse of legal process which constitutes a deprivation of constitutional magnitude for purposes of section 1983. In this regard, it is noted that the City of Madison, as a member of Bear Creek, apparently possessed a legal right to assert a derivative action challenging the legal authority of the Bear Creek Directors to govern the Bear Creek facilities. Even assuming a less than pure motive on the part of the Madison city officials in filing the derivative action, such as the intent to circumvent the previous ruling by the Fifth Circuit in *Madison,* that less than pure motive alone does not render the action of the Madison city officials in the instant case "egregious" misuse of legal process in a constitutional sense.

Therefore, after reviewing the factual allegations of the Bear Creek Directors in the instant case, we conclude that those allegations do not state a cognizable section 1983 claim and accordingly affirm the district court's dismissal of the instant action.[1] Undoubtedly, there will be those instances where state actors will misuse the legal process in such an egregious fashion so as to deprive an individual of due process; however, this is not such a case. By affirming the district court's decision declining to find a section 1983 violation, this Court need not address whether or not the Madison city officials were acting in their legislative or executive capacities in instituting the derivative action against the Bear Creek Directors and whether the Madison city officials should be accorded absolute or qualified immunity for their actions.

For the foregoing reasons, we affirm. AFFIRMED.

---

1. In this regard, we note that the district court dismissed any pendent state law claims of the Bear Creek Directors against the Madison city officials without prejudice. To the extent that any state law claims possessed by the Bear Creek Directors are not barred by applicable prescriptive periods, our decision today is without prejudice to the assertion of those state claims by the Bear Creek Directors.