# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 25, 2013

No. 13-50278
Summary Calendar

Lyle W. Cayce
Clerk

DAVID CEVALLOS,

Plaintiff-Appellant

v.

GEORGE SILVA;
JAMES D. JONES;
THE CITY OF SAN ANTONIO,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:12-CV-45

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

David Cevallos challenges the district court's dismissal of his claims of malicious prosecution and abuse of process by Detectives James D. Jones and George Silva of the San Antonio Police Department, in violation of 42 U.S.C. § 1983. Finding no reason to alter the sound reasoning of the district court, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## BACKGROUND

Cevallos filed a divorce action against his then-wife, Carolyn Cevallos, in 2008. Cevallos later learned that Carolyn and Silva had a romantic relationship. In October 2009, Cevallos was with a female companion when she was attacked and assaulted by Carolyn. San Antonio police officers were dispatched to the scene. After an investigation at the scene, the reporting police officer filed a report alleging that Carolyn had assaulted the female companion. Following this report, Cevallos and his female companion were interviewed by Jones as part of Jones' investigation of the charges against Carolyn. In December 2009, Jones filed criminal charges against Cevallos with the Bexar County Criminal District Attorney's office. In January 2010, Silva arrested Cevallos at his home and transported him to the magistrate's office. The District Attorney's office later dismissed the charges against Cevallos.

Cevallos brought suit in state court "for malicious prosecution, abuse of process, and violation of [his] civil and constitutional rights" against Silva and Jones, and "by virtue of their acting in the course and scope of their authority as San Antonio Police Officers, the City of San Antonio." The City removed the case to federal court and subsequently moved to dismiss pursuant to Federal Rules of Procedure Rule 12(b)(6), asserting that Cevallos' pleadings were insufficient to state a claim against the City. Jones and Silva filed Rule 12(b)(6) motions asserting insufficient pleadings and, in the alternative, that Jones and Silva were entitled to qualified immunity. Cevallos moved to remand the case to state court. The matter was referred to a magistrate judge who issued a recommendation that the motions to dismiss be granted; the district court accepted the recommendations of the magistrate and dismissed Cevallos' claims. Cevallos timely appealed.

## DISCUSSION

We review *de novo* the district court's order on a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Jebaco, Inc. v. Harrah's Operating*

*Co.*, 587 F.3d 314, 318 (5th Cir. 2009).  Under Federal Rule of Civil Procedure Rule 8(a)(2), a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief.  To survive a Rule 12(b)(6) motion to dismiss, the factual allegations must be sufficient to state a claim for relief that is plausible on its face and to raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570, 170 S. Ct. 1955 (2007).  A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).  The mere possibility of misconduct is not sufficient.  *Id.* at 679.

Cevallos  first contests the district court's denial of his motion to remand the case back to state district court.  Cevallos argues that the defendants waived their right to removal by filing for removal more than thirty days after they were served with Cevallos' original petition.  A defendant who receives a pleading or "other paper" supporting federal jurisdiction may remove the case to federal court within thirty days of receiving such information.  28 U.S.C. § 1446(b).  Cevallos' Original Petition alleges "violation of his civil and constitutional rights" and that Silva and Jones "acted under color of law."  Cevallos argues that by pleading those two elements, he was pleading a cause of action under § 1983.  However, the well-pleaded complaint rule provides that the plaintiff's properly pleaded complaint governs jurisdictional determinations.  If, on its face, such a complaint contains no issue of federal law, there is no federal question jurisdiction.  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 391-92, 107 S. Ct. 2425 (1987).  Cevallos' Original Petition does not allege any specific claim under § 1983 or a violation of the United States Constitution; thus, the allegations in Cevallos' petition were too ambiguous to establish federal question jurisdiction definitively.

Cevallos alternatively argues that defendants' involvement in state court proceedings waived their right to remove.  The record does not show that the

City, Silva, or Jones made clear and unequivocal waivers of their rights to remove. The City's Motion to dismiss Silva and Jones occurred in state court before the case was removable and could thus not waive the right to remove before it arose.

Against the City of San Antonio, Cevallos argues that the district court erred in dismissing his claims. The court held the pleadings insufficient to establish an official policy, practice, or custom of the City or the police department that was the moving force behind the alleged violations of Cevallos' constitutional rights. The court aptly noted that Cevallos' allegation that Silva and Jones acted "in the course and scope of their authority as San Antonio Police officers" was not sufficient to impose liability on the city.

A city is not liable under § 1983 on the theory of respondeat superior; a municipality is only liable for acts directly attributable to it "through some official action or imprimatur." *Valle v. City of Hous.*, 613 F.3d 536, 541 (5th Cir. 2010) (citing *Piotrowski v. City of Hous.*, 237 F.3d 567, 578 (5th Cir. 2001)). To establish municipal liability, the plaintiff must show the deprivation of a federally protected right caused by action taken "pursuant to an official municipal policy." *Valle*, 613 F.3d at 541 (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S. Ct. 2018 (1978)). The plaintiff must identify: "(1) an official policy (or custom), of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose moving force is that policy or custom." *Valle*, 613 F.3d at 541-42 (internal citations omitted) Nowhere does Cevallos' amended complaint allege that a policy, practice, custom, or procedure of the City or of the police department was the moving force behind the alleged violations of his constitutional rights.

It is also not enough that Cevallos' Response Appellees' motions to dismiss elaborated on his allegations against the City. Even if his Response stated a claim for relief cognizable under *Twombly*, the *complaint* must contain either direct allegations on every material point necessary to sustain recovery or

contain allegations from which an inference may be fairly drawn that evidence will be introduced at trial. *Twombly*, 550 U.S. at 555; *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995). Cevallos did not seek leave to amend his complaint to include the detailed allegations against the City found in his Response. Accordingly, his pleadings remained void of allegations against the City sufficient to withstand dismissal under Rule 12(b)(6).[1]

Last, Cevallos argues that the district court erred in dismissing his claims against Silva and Jones on the basis of qualified immunity. The court correctly noted that this court has rejected a freestanding right to be free from malicious prosecution or abuse of process. *Castellano v. Fragozo*, 352 F.3d 939, 945 (5th Cir. 2003) (malicious prosecution); *Sisk v. Levings*, 868 F.2d 159, 161-62 (5th Cir. 1989) (abuse of process). Because Cevallos did not distinguish his malicious prosecution and abuse of process claims from those this Court has rejected or plead facts demonstrating false arrest without probable cause, the district court dismissed Cevallos' claims against Silva and Jones.

Although it is no longer mandated as a first step in the qualified immunity analysis, we first "decide whether the facts that [the] plaintiff has alleged . . . make out a violation of a constitutional right." *Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 869 (5th Cir. 2012) (citing *Pearson v. Callahan*, 555 U.S. 223, 232, 236, 129 S. Ct. 808 (2009)). Cevallos' Original Petition alleges "malicious prosecution and abuse of process and violation of his civil and constitutional rights." Cevallos' claims predicated on "malicious prosecution" or "abuse of process" fail as a matter of law unless founded in another constitutional right. *See Castellano*, 352 F.3d at 945; *Sisk*, 868 F.2d at 161-62. Cevallos alleges that Silva and Jones "violat[ed] his civil and constitutional rights" but identifies no predicate for such "rights" in his pleadings. As the district court noted, Cevallos' Response to defendants' Motion

---

[1] Cevallos' appellate brief charges the City with unconstitutional failure to train, but htat theory does not appear in the amended complaint and is waived.

to Dismiss attempted to assert facts demonstrating false arrest without probable cause, a claim cognizable under the Fourth Amendment. *See, e.g., Gerstein v. Pugh*, 420 U.S. 103, 111-12, 95 S. Ct. 854 (1975). Cevallos did not, however, seek leave to amend his petition to include this argument. Thus, for the reasons stated above as applied to Cevallos' claim against the City, Cevallos' pleadings against Silva and Jones are insufficient to withstand dismissal under Rule 12(b)(6). We need not reach the scope of qualified immunity as to Silva or Jones. *See Doe*, 675 F.3d at 869.

For the foregoing reasons, the district court's judgment is **AFFIRMED**.