# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60160
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 25, 2016

Lyle W. Cayce
Clerk

KENNETH WASHINGTON,

Plaintiff - Appellant

v.

COPIAH COUNTY,

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:14-cv-00156

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Kenneth Washington sued Copiah County ("the County") pursuant to 42 U.S.C. § 1983[1] and Mississippi law, alleging various civil rights violations

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Washington's pro se complaint did not actually mention § 1983, but the district court construed it to invoke that statute. On appeal, however, Washington appears to argue that the district court should instead have construed his complaint as a habeas corpus suit. To justify its contrary interpretation, the district court noted that in the cover sheet to his pro se complaint, Washington indicated that his was a civil rights suit and not a habeas suit. Washington does not dispute this finding, so his habeas argument is waived. *See Mapes v.*

No. 15-60160

related to his June 2013 arrest and detention. The County moved to dismiss. Washington then moved to amend his complaint, and attached a proposed amended complaint containing a lengthier statement of facts and new claims against several County officials. The district court found that neither the original complaint's allegations nor those in the proposed amended complaint stated claims for which relief could be granted under federal or Mississippi law. Accordingly, it denied his motion to amend and granted the County's motion to dismiss. Washington appealed, and we AFFIRM.

Washington raises four points of purported error. First, he appears to argue that the district court erroneously refused to convene a pretrial conference in which Washington could discuss evidence relevant to his complaint. The Federal Rules of Civil Procedure allow pretrial conferences, but do not require them.[2] We see no basis to conclude that the district court abused its discretion under the Rules in forgoing one, and reject Washington's challenge.

Second, Washington argues the district court should have granted his request for summary judgment because the County failed to oppose it. The County claims it had no obligation to do so because the request was unsigned.[3] In any event, "[a] motion for summary judgment cannot be granted simply because there is no opposition."[4]

---

*Bishop*, 541 F.3d 582, 584 (5th Cir. 2008) (per curiam) ("Although pro se briefs are afforded liberal construction, even pro se litigants must brief arguments in order to preserve them." (citation omitted)); *Adams v. Unione Mediterranea Di Sicurta*, 364 F.3d 646, 653 (5th Cir. 2004) ("Issues . . . inadequately briefed on appeal are waived."); *Jones v. Nueces Cty., Tex.*, 589 F. App'x 682, 685 (5th Cir. 2014) (per curiam) (unpublished) ("Jones does not provide any response to the actual basis for the district court's dismissal of the constitutional claims, and therefore he waives his ability to contest this dismissal."), *cert. denied*, 135 S. Ct. 2057 (2015).

[2] FED. R. CIV. P. 16.

[3] *See* FED. R. CIV. P. 11 (an unsigned pleading must be struck).

[4] *Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985).

No. 15-60160

Washington's third point of error is unclear. He claims that the district court unfairly dismissed his arguments and "was bias[ed] and arbitrary [in regard to] the facts and evidence" during a September 3, 2014 hearing. That hearing apparently concerned Washington's motion to amend his complaint. We therefore construe this point as an argument that the district court's denial of that motion was in error.[5] As noted above, the district court found that Washington's amended complaint did not state any claim for which relief could be granted, making the proposed amendment futile. Having reviewed the proposed amended complaint, we agree with the district court, and reject Washington's third point of error.

Fourth, Washington disputes the district court's dismissal of his original complaint. That complaint named only the County as a defendant, but Washington did not allege that the federal constitutional violations alleged in the complaint occurred pursuant to County policy or custom.[6] Thus, Washington failed to state a § 1983 claim against the County. Nor does he contest the district court's basis for dismissing his state-law claims – namely, that Washington had failed to provide the County adequate notice under the Mississippi Tort Claims Act.[7] Thus, the district court did not reversibly err in dismissing those claims.[8]

The judgment of the district court is AFFIRMED.

---

[5] Washington also claims in this point that his conditions of confinement in the Copiah County Detention Center were inhumane. Although he also raised this issue in various motions below, he did not include it in his initial or proposed amended complaint. Thus, the district court properly did not consider it in ruling on the motion to dismiss. It is the *complaint* that must survive Rule 12(b)(6) scrutiny. *See, e.g.*, *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995); *Cevallos v. Silva*, 541 F. App'x 390, 393 (5th Cir. 2013) (unpublished).

[6] *See Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 690 (1978).

[7] *See Univ. of Miss. Med. Ctr. v. Easterling*, 928 So.2d 815, 819-20 (Miss. 2006) (inadequate notice is grounds for dismissal under the Mississippi Tort Claims Act).

[8] *See Adams v. Unione Mediterranea Di Sicurta*, 364 F.3d 646, 653 (5th Cir. 2004) ("Issues not raised or inadequately briefed on appeal are waived.").