# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60268

United States Court of Appeals
Fifth Circuit

**FILED**

October 19, 2018

Lyle W. Cayce
Clerk

KENNETH J. WASHINGTON,

> Plaintiff - Appellant

v.

COPIAH COUNTY BOARD OF SUPERVISOR; COPIAH COUNTY GRAND JURIES; SHERIFF HAROLD JONES; UNDER SHERIFF DEREK CUBIT; DETECTIVE TOMMY ROBERTS; DEPUTY PERCY CALHOUN; NOTARY CECIL HALLMAN; UNKNOWN BLACK; INVESTIGATOR SHARON KELLY; INVESTIGATOR MILTON TWINNER; JUSTICE COURT PROSECUTOR ELISE MUNN; JUSTICE COURT JUDGE VICKY B. RAMSEY; JUSTICE COURT CLERK MONA LISA CARR; DISTRICT ATTORNEY ALEXANDER MARTIN; LESLIE BROWN; ATTORNEY GENERAL JIM HOOD; HONORABLE HENRY WINGATE; HONORABLE LINDA ANDERSON; CLERK TONYA CARRUTH; COURT REPORTER BRENDA WOLVERTON; ARTHUR JOHNSON,

> Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:16-CV-629

Before BENAVIDES, HAYNES, and WILLETT, Circuit Judges.

PER CURIAM:*

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60268

This is an appeal from the district court's grant of summary judgment in favor of the Appellees, Copiah County Sheriff Harold Jones and Millerson Black, the Administrator of the Copiah County Detention Center ("CCDC"). Appellant, Kenneth J. Washington ("Washington"), proceeding *pro se*, brought this civil rights suit against the Appellees, alleging constitutional violations relating to his arrest by Copiah County officers and the conditions of confinement at the CCDC when he was a pretrial detainee.[1]  42 U.S.C. § 1983. Finding no reversible error, we AFFIRM the district court's grant of summary judgment in favor of the Appellees.

Washington's principal argument on appeal is that the district court erred in granting summary judgment in favor of the Appellees on his claims against them in their official capacity because they failed to move for summary judgment on the claims against them in their official capacity.  Appellees concede that they only moved for summary judgment on the claims against them in their individual capacity.  Washington thus asserts that the district court should have entered a default judgment in his favor with respect to the claims against the Appellees in their official capacity.  Washington is mistaken. As explained below, the district court properly followed the Federal Rules of Civil Procedure when it entered summary judgment on the claims against the Appellees in their official capacity.

The district court allowed Washington to file an amended complaint in which he clarified that he was also suing the Appellees in their official capacity.[2]  The Appellees filed an answer to the amended complaint and moved

---

[1] There were numerous other defendants involved in the instant lawsuit; however, Washington only appealed the order dismissing the suit in favor of the two Appellees set forth above.

[2] Washington states that the Appellees failed to file an appeal from the district court's order granting him leave to amend his complaint.  A final decision typically is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."

No. 18-60268

the court to stay the previously entered case-management order and allow limited, immunity-related discovery. The district court granted the motion. After limited discovery was conducted, the Appellees filed a motion for summary judgment based on qualified immunity. Washington filed a response in opposition to the motion, and the Appellees filed a reply to his response. The district court subsequently granted the Appellees' motion for summary judgment on the *individual* capacity claims, finding that the Appellees were entitled to qualified immunity. Additionally, the district court expressly stated that Federal Rule of Civil Procedure 56(f)(2) authorized it to grant summary judgment on grounds not raised by a party after giving notice and affording a reasonable opportunity to respond. The court then gave Washington notice of its intention to grant summary judgment on his *official* capacity claims and gave him 10 days to state why summary judgment would not be proper. Washington timely filed a response and a Rule 60(b) motion. The district court denied Washington's motion and entered summary judgment in favor of the Appellees on the official capacity claims.

Washington does not argue that the district court failed to give him notice or a reasonable opportunity to respond to the court's intention to *sua sponte* grant summary judgment with respect to the official capacity claims. *See* Rule 56(f)(2) ("After giving notice and a reasonable time to respond, the court may: . . . grant the motion on grounds not raised by a party.").[3] Indeed, as indicated above, Washington filed a response objecting to the district court's intention to grant summary judgment. Under these circumstances,

---

*Catlin v. United States*, 324 U.S. 229, 233 (1945). Because that order did not end the litigation on the merits, it was not a final and appealable order.

[3] Washington incorrectly accuses the district court of acting as Counsel for the Appellees. Brief at 9. Instead, as set forth above, the district court was acting in accordance with Rule 56(f)(2) when it granted summary judgment in favor of the Appellees with respect to the official capacity claims.

3

No. 18-60268

Washington has failed to show that the district court erred in granting summary judgment in favor of the Appellees with respect to the official capacity claims.[4]

Washington also states that he has rights pursuant to the Prison Litigation Reform Act, the Health Insurance Portability and Accountability Act, and the laws of the State of Mississippi. However, he does not explain how his rights were violated. "'Although we liberally construe the briefs of pro se appellants, we also require that arguments must be briefed to be preserved.'" *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993) (quoting *Price v. Digital Equip. Corp.,* 846 F.2d 1026, 1028 (5th Cir. 1988)). Thus, Washington's failure to brief this issue renders it forfeited.

Finally, Washington asserts that the district court erred in dismissing his claim against the Copiah County Board of Supervisors ("Board"). The district court granted the Board's motion for judgment on the pleadings, holding that Washington's claims against the Board were barred by res judicata. Washington had filed a previous lawsuit against Copiah County based on his June 17, 2013 arrest and detention, which is the same arrest and detention at issue on this appeal. *See Washington v. Copiah County,* 650 F. App'x 189 (5th Cir. 2016) (affirming the district court's dismissal of the civil rights lawsuit). First, Washington did not file a notice of appeal from the November 1, 2016 order dismissing the Board; instead, he only filed a notice of appeal from the April 3, 2018 order dismissing the two Appellees on this

---

[4] Washington asks whether the immunity defense applies when he brought suit against a municipality. This Court has explained that a municipality cannot be held liable under 42 U.S.C. § 1983 if no constitutional violation has been committed by a municipal actor. *Bustos v. Martini Club, Inc.,* 599 F.3d 458, 467 (5th Cir. 2010). Because Washington has failed to demonstrate that the Appellees committed a constitutional violation, his claim against the municipality also fails.

4

appeal.  In any event, Washington does not argue how the district court erred in holding that the suit against the Board was barred by res judicata.  Thus, even if this claim had been appealed, it is forfeited.  *Yohey,* 985 F.2d at 225.

For the above reasons, the district court's judgment is AFFIRMED.