IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 6, 2009

Charles R. Fulbruge III
Clerk

No. 08-60404
Summary Calendar

RICKEY AUSTIN

Plaintiff-Appellant

v.

CHARLES HARDIN, Individually and in his Official Capacity as a
Mississippi Highway Patrolman; TATE COUNTY MISSISSIPPI;
W SHELTON INGRAM, Individually and in his Official Capacity as Sheriff of
Tate County, Mississippi; THE TATE COUNTY SHERIFFS DEPARTMENT

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:04-CV-96

Before REAVLEY, WIENER, and PRADO, Circuit Judges.

PER CURIAM:[*]

In April 2005 the district court granted summary judgment in favor of the defendants because Rickey Austin's claims under 42 U.S.C. § 1983 for excessive force during his arrest were barred by Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994). Austin did not appeal. Instead, his attorney filed a motion

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to re-open the judgment under FED. R. CIV. P. 60(b), contending that the attorney's clinical depression was the cause of Austin's failure to respond to the defendants' summary judgment motion. The court denied the motion because it determined that Austin's claims were still barred by Heck. Austin again did not appeal. Instead, new counsel moved almost one year later for relief from the judgment, arguing that a purported new rule in Ballard v. Burton, 444 F.3d 391 (5th Cir. 2006), precluded the application of Heck. The district court denied the motion because it again determined that the claims were barred and because a change in the law is not a proper basis for Rule 60(b) relief. Six months later, in February 2007, Austin attempted to move pro se for relief from the judgment, but the motion could not be found in the district court file. Austin sent the motion again in June 2007, but the district court did not receive any accompanying exhibits and denied it in March 2008. In April 2008 Austin sent the exhibits to the court and again asked that the case be re-opened. The district court considered the exhibits but denied relief. The court determined that most of the exhibits were already in the record and that Austin had possession of the remaining exhibits since at least August 2005 yet offered no explanation for the delay in submitting them. After considering all the circumstances, including the fairness to all parties and Austin's delay of over 200 days before filing his first pro se motion, the court determined that relief was not warranted under Rule 60. Austin now appeals.

Austin's notice of appeal was timely only as to the district court's denial of his April 2008 request for relief from the judgment, which is construed as a motion under Rule 60(b). See Harcon Barge Co. v. D & G Boat Rentals, Inc., 784 F.2d 665, 667 (5th Cir. 1986). The denial of a Rule 60(b) motion does not bring up the underlying judgment for review, and a Rule 60(b) motion is not a substitute for a timely appeal. In re Ta Chi Navigation (Panama) Corp. S.A., 728 F.2d 699, 703 (5th Cir. 1984). Accordingly, only the denial of Austin's Rule

60(b) motion is before this court. See Bowles v. Russell, 127 S. Ct. 2360, 2366 (2007) ("[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement."). The denial of a Rule 60(b) motion is reviewed for abuse of discretion. Provident Life & Accident Ins. Co. v. Goel, 274 F.3d 984, 997 (5th Cir. 2001).

With the benefit of liberal construction, Austin reiterates on appeal his belief that officers used unwarranted force when arresting him. He also argues that the district court unjustly denied his request to re-open the case because of circumstances beyond his control. He asserts that he was unaware of his first attorney's illness and that his counsel failed to meet deadlines, offered an improper defense, and failed to enroll in the court's electronic case filing system. The district court acknowledged that some of the delay in the case was due to the action or inaction of Austin's attorneys but concluded that even if it disregarded those deficiencies Austin himself was also to blame. Austin fails to address the district court's determination in this regard and also does not address the district court's balancing of the circumstances when denying relief. Because Austin fails to address the basis for the district court's decision, the issue is abandoned. See Yohey v. Collins, 985 F.2d 222, 224–25 (5th Cir. 1993); Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). Austin thus fails to show that the district court abused its discretion.

AFFIRMED.