## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 26, 2011

No. 10-40883
Summary Calendar

Lyle W. Cayce
Clerk

CHARLES ELLIS SHIRLEY,

Plaintiff-Appellant,

v.

OFFICER UNKNOWN MCINTOSH, Henderson County Sheriff's Office,

Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:10-CV-353

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Charles Ellis Shirley moves for leave to proceed in forma pauperis (IFP) in this appeal from the district court's dismissal of his 42 U.S.C. § 1983 complaint. In his § 1983 complaint, Shirley alleged that the defendant violated his right of access to the courts.

The district court may deny a motion for leave to appeal IFP by certifying that the appeal is not taken in good faith and by providing written reasons for the certification. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); FED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-40883

R. APP. P. 24(a). If a prisoner opts to challenge the district court's certification decision, the prisoner may file a motion in the court of appeals for leave to proceed IFP, which "must be directed solely to the trial court's reasons for the certification decision." *See Baugh*, 117 F.3d at 202. This court, however, may dismiss the appeal as frivolous when it is apparent that an appeal would be meritless. *Id.* at 202 n.24; 5TH CIR. R. 42.2. The court's inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

The district court adopted the findings and conclusions of the magistrate judge and dismissed Shirley's § 1983 complaint as frivolous. This court reviews the dismissal of a complaint as frivolous under 28 U.S.C. § 1915(e)(2) for abuse of discretion. *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). Shirley has failed to show that his appeal involves "legal points arguable on their merits." *Howard*, 707 F.2d at 220 (internal quotation marks and citation omitted). As the magistrate judge noted, a prisoner must demonstrate a hindrance to his underlying claim to prevail on a claim that his right of access to the courts has been violated. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *Lewis v. Casey*, 518 U.S. 343, 351 (2002); *see also Johnson v. Rodriguez*, 110 F.3d. 299, 311 (5th Cir. 1997).

No constitutional violation occurs when a prisoner has time to re-prepare and file his legal document despite impediments caused by officials. *Richardson v. McDonnell*, 841 F.2d 120, 122 (5th Cir. 1988). Although the officer may have confiscated Shirley's writ of habeas corpus and his application to proceed IFP, Shirley had time to re-prepare and timely file both. The magistrate judge found,

No. 10-40883

therefore, that Shirley had suffered neither harm nor prejudice as a result of the alleged misconduct.

As the district court noted in dismissing his claim, Shirley failed to address the magistrate judge's finding of no harm or prejudice, an error we note remains uncorrected in Shirley's present motion to proceed IFP. For the second time, Shirley has failed to brief an argument challenging the basis for the district court's decision, and thus he has waived any such challenge on appeal. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). We thus conclude that Shirley's appeal is without arguable merit, and we dismiss the appeal as frivolous. *See* 5th Cir. R. 42.2. Shirley is cautioned that the dismissal of his suit by the district court and the dismissal of his appeal count as strikes pursuant to 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 385-87 (5th Cir. 1996). He is further cautioned that if he accumulates three strikes under § 1915(g), he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

MOTION DENIED; APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.