# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-41053
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 21, 2014

Lyle W. Cayce
Clerk

TREY JONES,

Plaintiff - Appellant

v.

NUECES COUNTY, TEXAS; CHRISTUS SPOHN HEALTH SYSTEM CORPORATION,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:12-CV-145

Before CLEMENT, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:*

Trey Jones appeals the dismissal of his claims against defendant Christus Spohn Health System Corporation ("Spohn") and defendant Nueces County. The district court granted Spohn's motion to dismiss for want of subject matter jurisdiction and motion for judgment on the pleadings for failure to state a claim, as well as Nueces County's motion to dismiss for failure

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-41053

to state a claim and motion for summary judgment.  For the following reasons, we AFFIRM.

## FACTS AND PROCEEDINGS

On March 18, 2010, Jones, a pretrial detainee in Nueces County Jail, was beaten by Nicholas Ortega, a jailer employed by Nueces County.[1]  Jones alleges that he suffered a number of injuries, including a broken nose and thumb and a cut lip.  Jones did not receive immediate medical care for these injuries.

Based on the beating and the failure to provide immediate medical care, Jones sued Nueces County, Spohn,[2] the Nueces County Sheriff's Department and Sheriff,[3] and Ortega.  Jones's complaint alleged negligence and violations of his Fourth, Fifth, Eighth, and Fourteenth Amendment rights based on the use of excessive force, failure to protect, and inadequate provision of medical care.[4]  Spohn filed a motion to dismiss for want of subject matter jurisdiction and motion for judgment on the pleadings for failure to state a claim.  Nueces County filed a motion to dismiss for failure to state claim as to the excessive force claim and a motion for summary judgment as to all other claims.  The district court granted Spohn's and Nueces County's motions, dismissing all

---

[1] Nueces County apparently fired Ortega due to this incident.

[2] Spohn is the medical care provider for Nueces County Jail due to a contract between Spohn, Nueces County, and the Nueces County Hospital District.

[3] The district court dismissed the claims against the Nueces County Sheriff's Department and Sheriff.  The district court did not enter final judgments as to the Nueces County Sheriff's Department or Sheriff, so they are not parties to this appeal.

[4] Jones brought his constitutional claims under 42 U.S.C. §1983.  Jones also alleged a claim under 42 U.S.C. §1981, a violation of his First Amendment constitutional rights, and claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  The district court dismissed these claim as to Spohn and Nueces County Jail, and Jones does not appeal the dismissal of these claims.

No. 13-41053

claims against them.  The district court issued partial final judgments as to both parties, making the orders immediately appealable even though Jones's claims against Ortega remain pending.

As to Spohn, the district court dismissed Jones's state tort claims because it found that Spohn was entitled to governmental immunity.[5]  The district court also dismissed Jones's constitutional claims against Spohn because Jones did not allege sufficient facts to show that Spohn's employees were involved with any of the alleged constitutional violations.

The district court granted Nueces County's motion to dismiss the excessive force claim because Jones had not alleged sufficient facts to show that a policy or custom of Nueces County caused Ortega's use of excessive force.[6]  The district court then granted Nueces County's motion for summary judgment as to the remaining claims because Jones did not produce sufficient evidence to raise a fact issue showing that a policy or custom of Nueces County caused the failure to provide medical care or the failure to protect Jones.

## STANDARD OF REVIEW

We review de novo the grant of a motion to dismiss for want of subject matter jurisdiction.  *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).  We also review de novo the grant of a motion for judgment on the pleadings, applying the same standard as in a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  *Guidry v.*

---

[5] The district court also determined that Jones's allegations did not fit within any of the waivers of governmental immunity provided by the Texas Tort Claims Act ("TTCA"). Jones has not appealed this portion of the district court's decision.  Instead, Jones contests that Spohn is entitled to any governmental immunity at all.

[6] The district court also granted Nueces County's motion to dismiss Jones's negligence claim based on governmental immunity.  Jones has not appealed this portion of the order.

3

No. 13-41053

*American Public Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007).  Under the familiar *Twombly*[7] and *Iqbal*[8] standards, a complaint is insufficient if it merely recites the elements of a cause of action.  *Iqbal*, 556 U.S. at 678.  Instead, a complaint must allege sufficient facts to show that the claims are facially plausible.  *Id.*

"We review a grant of summary judgment *de novo*."  *Kariuki v. Tarango*, 709 F.3d 495, 501 (5th Cir. 2013) (internal quotation marks omitted). "[S]ummary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  *Id.* (alteration in original) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

## DISCUSSION

We consider the claims against Spohn before turning to the claims against Nueces County.

### I.

Jones first argues that Spohn's motion for judgment on the pleadings and motion to dismiss for want of subject matter jurisdiction were untimely because they were filed after Spohn filed its answer.  This argument is clearly meritless.  A party may move for judgment on the pleadings at any time "[a]fter the pleadings are closed . . . but early enough not to delay trial."  Fed. R. Civ. P. 12(c).  Here, Spohn's motion for judgment on the pleadings was brought after

---

[7] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

[8] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

the pleadings were closed but long before trial.[9] "[A] factual attack under Rule 12(b)(1) may occur at any stage of the proceedings, and plaintiff bears the burden of proof that jurisdiction does in fact exist." *Arena v. Graybar Elec. Co.*, 669 F.3d 214, 223 (5th Cir. 2012) (alteration in original) (quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980) (citations omitted)). Spohn's motion for judgment on the pleadings and motion for dismissal for lack of subject matter jurisdiction were therefore timely.

Jones next argues that Spohn was a governmental entity and therefore was subject to suit under 42 U.S.C. § 1983. But the district court's dismissal of Jones's § 1983 claim was not based on whether Spohn was a governmental entity subject to suit under § 1983. Instead, the district court found that Jones failed to plead sufficient facts to show that Spohn's employees were involved with refusing medical care to Jones, using excessive force, or committing any other violation of Jones's constitutional rights. Jones does not provide any response to the actual basis for the district court's dismissal of the constitutional claims, and therefore he waives his ability to contest this dismissal. *See Adams v. Unione Mediterranea Di Sicurta*, 364 F.3d 646, 653 (5th Cir. 2004) ("Issues not raised or inadequately briefed on appeal are waived.").

Jones appears to argue that Spohn is not entitled to governmental immunity under Texas law.[10] If that is the case, Jones's state law negligence claim against Spohn could proceed. Spohn, a nonprofit corporation, attached its contract with the Nueces County Hospital District to its motion to dismiss

---

[9] Spohn filed its motion for judgment on the pleadings on August 27, 2012, and the parties agreed to a scheduling order that set a trial date of July 22, 2013.

[10] Jones alludes to this issue in his Appellant's Brief, and Spohn deals with it extensively in its Appellee's Brief. We will therefore consider the issue, despite Jones's vague briefing of it.

for want of subject matter jurisdiction.[11]  In the contract, Spohn agreed to provide inmate health care and services, and the Nueces County Hospital District agreed to pay Spohn.  Based on this contract and the fact that Spohn is a nonprofit corporation, Spohn is undisputedly a "hospital district management contractor," which is defined as "a nonprofit corporation, partnership, or sole proprietorship that manages or operates a hospital or provides services under contract with a hospital district that was created by general or special law."  Tex. Health & Safety Code § 285.071.  Texas statute further provides that:

> A hospital district management contractor *in its management or operation of a hospital* under a contract with a hospital district is considered a governmental unit for purposes of Chapters 101, 102, and 108, Civil Practice and Remedies Code, and any employee of the contractor is, *while performing services under the contract for the benefit of the hospital*, an employee of the hospital district for the purposes of Chapters 101, 102, and 108, Civil Practice and Remedies Code.

*Id.* § 285.072 (emphases added).

The district court pointed out that the text of Section 285.072 implies that a hospital district management contractor is treated as a governmental unit (and therefore acquires governmental immunity) only when it is managing or operating a hospital.  Here, Spohn was providing medical services at a jail, not operating a hospital.  Jones therefore argues that Spohn should not be treated as a governmental unit.  The district court held that there is no conceivable reason to treat hospital district management contractors differently depending upon whether they operate hospitals or whether they

---

[11] Jones apparently never contested Spohn's reliance upon the contract or the contract's authenticity.

perform services for a hospital district, and therefore the statute should not be read to create such a disparity. We agree.

Moreover, reading Section 285.072 to create this disparity would render superfluous the second definition of a hospital district management contractor in Section 285.071, which refers to "a nonprofit corporation . . . . that . . . provides services under contract with a hospital district." For a hospital district management contractor like Spohn that does not manage or provide services to a hospital, Jones's suggested reading of Section 285.072 would not protect either the hospital district management contractor or its employees (because they are not performing services "for the benefit of the hospital"). The only law relating to hospital district management contractors is Section 285.072, so reading that section to protect only hospital district management contractors that manage or serve hospitals would render half of the definition provided in Section 285.071 meaningless. We refuse to read the statute that way. *See City of Amarillo v. Martin*, 971 S.W.2d 426, 430 (Tex. 1998) ("Of course, we will give effect to all the words of a statute and not treat any statutory language as surplusage if possible."). Instead, we read Section 285.072 as protecting all hospital district management companies. Spohn is therefore a governmental unit with governmental immunity, and the district court properly dismissed Jones's tort claims against Spohn.[12]

Jones also argues that he should have been granted discovery so that he could prove his claims against Spohn. The district court, however, has discretion as to whether to allow discovery in deciding Rule 12(b)(1) motions and there was no basis for doing so here because the undisputed terms of Spohn's contract with the Hospital District show "that the requested discovery

---

[12] Again, Jones has not appealed the district court's finding that Jones's claims against Spohn do not fall within any of the waivers of governmental immunity provided by the TTCA.

7

is not likely to produce the facts needed to withstand a Rule 12(b)(1) motion." *Freeman v. United States*, 556 F.3d 326, 342 (5th Cir. 2009) (explaining that the reasons for denying jurisdictional discovery are stronger when "the party seeking discovery is attempting to disprove the applicability of an immunity-derived bar to suit because immunity is intended to shield the defendant from the burdens of defending the suit, including the burdens of discovery."). To the extent that Jones's requested discovery regarded his constitutional claims, he was not entitled to it because the district court held that the claims were inadequately pleaded. *See Iqbal*, 556 U.S. at 684-86 ("Because respondent's complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise.").

## II.

Jones appeals the dismissal of his excessive force,[13] inadequate provision of medical care, and failure to protect[14] claims against Nueces County. The district court dismissed Jones's excessive force claim against Nueces County at the motion to dismiss phase, finding that Jones did not adequately plead the existence of a policy or custom in Nueces County that caused the use of excessive force. *See Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002) (stating that municipal liability attaches only where the municipality's policy or custom is the "moving force" of the constitutional violation). Jones's appellate briefs do not respond to this reasoning. That is, he does not argue that he adequately pled the existence of such a policy or custom. By not

---

[13] Nueces County argues that Jones has not appealed the dismissal of his excessive force claim, but his brief repeatedly complains about that dismissal. Jones erred by not including the order dismissing his excessive force claim in his appendix of record excerpts, but we will still consider this issue on the merits because Jones rather clearly attempted to raise it.

[14] It is not entirely clear that Jones appeals the dismissal of his failure-to-protect claim. Nevertheless, we will assume that he is attempting to appeal this dismissal.

attacking the basis of the district court's ruling, Jones has again waived the dismissal of his excessive force claim against Nueces County. *See Adams*, 364 F.3d at 653.

The district court dismissed Jones's claims against Nueces County for inadequate provision of medical care and failure to protect at the summary judgment stage based on Jones's inability to produce evidence that Nueces County had a policy or custom that caused the alleged constitutional violations. *See Pineda*, 291 F.3d at 328. Jones argues that he presented some evidence of a policy or custom that caused the constitutional violations. First, he argues that Nueces County provided inadequate policies and training about how to approach confrontational situations and that Ortega himself received inadequate training for handling confrontational situations. This argument primarily relates to Jones's excessive force claim, which was dismissed on the pleadings, not at summary judgment. Thus, this evidence cannot resurrect Jones's excessive force claim.

As to the failure to protect claim, Jones cannot demonstrate that Nueces County had a policy or custom that caused the failure to protect Jones. As Jones admits, Nueces County has a general policy on the use of force, and a training supervisor observed Ortega for fifteen days and observed his responses to stressful situations three times and interactions with high risk prisoners six times. Jones argues that Nueces County should have gone further in both implementing policies and observing and training Ortega, but, at most, such an argument suggests that Nueces County could have better policies and training, not that its current policies and training caused the failure to protect Jones. *See City of Canton v. Harris*, 489 U.S. 378, 391 (1989) (holding that it does not "suffice to prove that an injury or accident could have been avoided if an officer had had better or more training, sufficient to equip him to avoid the particular injury-causing conduct").

Jones next argues that Nueces County provided inadequate policies regarding the identification and treatment of detainees' obvious medical injuries. He admits that Nueces County has "a detailed screening process at intake and booking," but he argues that "its policies are devoid of any procedure, process or guidance identifying and reporting medical conditions or injuries that clearly occurred during incarceration." This argument completely ignores evidence presented by Nueces County about its medical policies. For example, Nueces County policy provides that inmates are to be "supplied with an ample supply of sick call request forms" and, on weekdays, inmates are to be seen within 24 hours of making such requests. The policies also provide that "[a]ll Medical or Dental Emergencies will be taken to Christus Spohn Hospital Memorial." Jones is simply wrong that Nueces County had no policies for providing medical care to inmates injured during incarceration.

Finally, Jones argues that a number of other incidents indicate that Nueces County has used excessive force and failed to provide medical care in the past, showing a custom of such violations. Again, the excessive force claim was dismissed at the motion to dismiss rather than summary judgment stage, so the evidence of excessive force can only be used to support Jones's failure-to-protect claim. Jones points out that Nueces County Internal Affairs reports indicate that there were 49 reported incidents of excessive use of force and/or inadequate provision of medical care between 2001 and 2004. But the complaints were found to be unsubstantiated in most of those cases, often based on video evidence. Jones also points out that Nueces County was sued six times between 1994 and 2001 and 19 times between 2004 and 2012. Jones goes on to list these 25 lawsuits. But he does not show that Nueces County was ever found liable in any of these lawsuits. The mere filing of a lawsuit does not demonstrate that a defendant has broken the law, and so this evidence is not enough to show the existence of a policy or custom that caused the

constitutional violations.  *Cf. Pineda*, 291 F.3d at 329 ("Eleven incidents each ultimately offering equivocal evidence of [a constitutional violation] cannot support a pattern of illegality in one of the Nation's largest cities and police forces.")

We hold that Jones has failed to raise a fact issue as to the existence of a policy or custom that caused the alleged constitutional violations.  The claims against Nueces County were properly dismissed.

## CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.