# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-20132

United States Court of Appeals
Fifth Circuit

**FILED**

December 4, 2019

Lyle W. Cayce
Clerk

CRAIG A. WASHINGTON,

> Plaintiff - Appellant

v.

CLAYTON K. SCOTT; HARRIS COUNTY,

> Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CV-362

Before KING, JONES, and DENNIS, Circuit Judges.

PER CURIAM:*

Plaintiff Craig Washington briefs a single issue on appeal, whether qualified immunity is a defense to a 42 U.S.C. § 1983 claim based on a violation of the Second Amendment. But Washington appeals from a district-court decision dismissing his claims for reasons that have nothing to do with qualified immunity. Because we conclude that the qualified-immunity issue that Washington identifies is not properly before us, we AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-20132

## I.

Late at night, the sound of breaking glass woke Craig Washington, who was asleep in his Houston home. Taking a twelve-gauge shotgun with him, Washington went outside to investigate and discovered several broken beer bottles on his property. While carrying the shotgun, Washington asked the valet at a nightclub across the street whether he had seen who threw the beer bottles. Washington was unable to get any information from the valet and began to return home. En route, law enforcement officers responding to an unrelated noise complaint questioned Washington, who was still armed. Those officers contacted the Harris County District Attorney's Office, explained the situation, and were told that charges against Washington would not be accepted because Washington had not committed a crime.

Shortly thereafter, Sergeant Jose Salazar of the Houston Police Department arrived on the scene. Washington alleges that Salazar decided that he wanted to arrest Washington, again contacted the Harris County District Attorney's Office, and deliberately gave the office inaccurate information. Specifically, according to Washington, Salazar said that Washington had been carrying a handgun, not a shotgun. As a result of Salazar's report, Clayton Scott—an administrative assistant with the Harris County District Attorney's Office—signed an affidavit stating that Washington had been carrying a handgun. Washington was then arrested and charged with unlawfully carrying a handgun. Charges against Washington were filed but later dismissed.

Washington filed suit against Salazar and his employer, the City of Houston, as well as against Scott and his employer, Harris County. Washington alleged that Salazar, the City of Houston, and Harris County were all liable under 42 U.S.C. § 1983 for violating his rights under the Second, Fourth, and Fourteenth Amendments. Additionally, Washington alleged that

Scott was liable under 42 U.S.C. § 1985 for conspiring with Salazar to deprive Washington of those rights.

The district court granted motions to dismiss filed by Harris County and by Scott. The district court dismissed Washington's § 1983 claims against Harris County, because Washington did not allege facts indicating that a county policy caused his rights to be violated, as required for municipal § 1983 liability, *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978). Likewise, the district court dismissed Washington's § 1985 conspiracy claim against Scott, because Washington did not allege any facts regarding racial animus, and racial animus is an element of a § 1985 conspiracy claim, *Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 271 (5th Cir. 2001).

The district court did, however, permit Washington's § 1983 claim against Salazar to proceed to the summary-judgment stage. Washington later settled his claims against Salazar and the City of Houston, and the district court entered final judgment. Washington—who was represented by counsel before the district court—then filed a pro se notice of appeal challenging the district court's order dismissing his claims against Harris County and Scott.

## II.

A dismissal for failure to state a claim upon which relief can be granted is reviewed de novo. *Baughman v. Hickman*, 935 F.3d 302, 306 (5th Cir. 2019). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## III.

We affirm the judgment of the district court, because Washington has waived his ability to challenge the decision dismissing his claims against Harris County and Scott. "Issues not raised or inadequately briefed on appeal

are waived." *Adams v. Unione Mediterranea Di Sicurta*, 364 F.3d 646, 653 (5th Cir. 2004). On several occasions, we have applied this principle to hold that appellants waived their ability to challenge a district-court decision by failing to address the basis for that decision. *See, e.g.*, *Jones v. Nueces Cty.*, 589 F. App'x 682, 687 (5th Cir. 2014) ("By not attacking the basis of the district court's ruling, Jones has again waived the dismissal of his excessive force claim against Nueces County."); *Shirley v. McIntosh*, 434 F. App'x 373, 374 (5th Cir. 2011) ("Shirley has failed to brief an argument challenging the basis for the district court's decision, and thus he has waived any such challenge on appeal."); *Austin v. Hardin*, 306 F. App'x 84, 86 (5th Cir. 2009) ("Because Austin fails to address the basis for the district court's decision, the issue is abandoned.").

The district court dismissed Washington's claims against Harris County and Scott because it concluded that Washington did not allege facts sufficient to state a claim. On appeal, Washington does not contest that conclusion. Instead, he argues that qualified immunity is not available as a defense to a Second Amendment claim. But even if that argument were convincing, it would not mean that the district court erred by dismissing Washington's claims against Harris County and Scott, so Washington has not addressed the basis of the district court's decision. Thus, Washington has waived his ability to challenge that decision.

Washington is proceeding pro se on appeal, but that fact does not change the result of our waiver analysis. "[E]ven pro se litigants must brief arguments in order to preserve them." *Mapes v. Bishop*, 541 F.3d 582, 584 (5th Cir. 2008). Moreover, as a licensed attorney, Washington may not be entitled to the liberal construction afforded other pro se litigants. *See Cole v. Comm'r*, 637 F.3d 767, 773 (7th Cir. 2011) ("We note that *pro se* litigants who are attorneys are not entitled to the flexible treatment granted other *pro se* litigants."); *Tracey v.*

*Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010) ("[A] lawyer representing himself ordinarily receives no [special] solicitude at all."); *Andrews v. Columbia Gas Transmission Corp.*, 544 F.3d 618, 633 (6th Cir. 2008) (concluding that it was not an abuse of discretion to deny plaintiffs who were practicing attorneys "special consideration on the basis of their *pro se* status").

## IV.

For the foregoing reasons, we AFFIRM the judgment of the district court.