# United States Court of Appeals for the Fifth Circuit

————————

No. 24-50053

————————

United States Court of Appeals
Fifth Circuit

**FILED**

April 4, 2025

Lyle W. Cayce
Clerk

Martha Jane Ford,

*Plaintiff—Appellant*,

*versus*

Bank of New York Mellon, *Trustee*, for CWABS, Incorporated Asset-Backed Certificates, Series 2007-2,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:18-CV-299

———————————————————————

Before King, Southwick, and Engelhardt, *Circuit Judges*.

Per Curiam:*

After Defendant-Appellee Bank of New York Mellon ("BoNYM") filed an application in Texas court for an order authorizing it to foreclose on Plaintiff-Appellant Martha Jane Ford's home, Ford filed an independent suit in a different Texas court to stay the foreclosure application. BoNYM removed the suit to federal court and the parties entered into mediation

———————————————————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-50053

culminating in a settlement agreement. Ford moved to set aside the agreement, and after conducting a hearing, the district court denied that motion. Ford now appeals the district court's denial of her motion to set aside. We AFFIRM.

## I.

We review a district court's exercise of its inherent power to encourage and enforce settlement agreements for abuse of discretion. *See Bell v. Schexnayder*, 36 F.3d 447, 449 (5th Cir. 1994). "A district court abuses its discretion if it: (1) relies on clearly erroneous factual findings; (2) relies on erroneous conclusions of law; or (3) misapplies the law to the facts." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 310 (5th Cir. 2008) (quoting *McClure v. Ashcroft*, 335 F.3d 404, 408 (5th Cir. 2003)).

Ford raises four arguments on appeal: (a) that BoNYM engaged in fraud in the handling of the mortgage, (b) that her counsel engaged in manipulative practices that constituted a conflict of interest or coercion, (c) that the "high pressure-tactics" of mediation coerced her into entering the agreement, and (d) that her counsel's actions constituted negligence and a breach of fiduciary duty. She has waived each argument.

"Although pro se briefs are afforded liberal construction, even pro se litigants must brief arguments in order to preserve them." *Mapes v. Bishop*, 541 F.3d 582, 584 (5th Cir. 2008) (citation omitted). First, Ford cites to *no* legitimate[1] authority to support any of these issues throughout her brief, which constitutes waiver of those issues. *See Sindhi v. Raina*, 905 F.3d 327,

_____

[1] The five "cases" Ford cites in her table of authorities do not appear to exist. "An attempt to persuade a court or oppose an adversary by relying on fake opinions is an abuse of the adversary system." *Park v. Kim*, 91 F.4th 610, 615 (2d Cir. 2024) (quoting *Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443, 461 (S.D.N.Y. 2023)).

No. 24-50053

334 (5th Cir. 2018). Further, the issues raised either fail to challenge the bases of the district court's decision, which itself constitutes waiver, *see Jones v. Nueces Cnty., Tex.*, 589 F. App'x 682, 685 (5th Cir. 2014) (per curiam), or were not raised before the district court and therefore cannot be raised for the first time on appeal, *see Webster v. Kijakazi*, 19 F.4th 715, 720 (5th Cir. 2021).

Ford faces a difficult situation, but even had she not waived these issues, she has demonstrated no right to relief. Although Ford may have felt coerced by BoNYM's practices or the stress of mediation, "emotional strain and negotiation pressures" are not enough. *Lee v. Hunt*, 631 F.2d 1171, 1178 (5th Cir. 1980). Ford may have felt manipulated or neglected by her attorney, but under Texas law that provides no basis to invalidate her contract with BoNYM. *See King v. Bishop*, 879 S.W.2d 222, 224 (Tex. App.—Houston [14th Dist.] 1994, no writ). And Ford's mistaken beliefs about the terms of the settlement agreement or her ability to cancel it are similarly irrelevant. *See id.*; *Nat'l Prop. Holdings, L.P. v. Westergren*, 453 S.W.3d 419, 425 (Tex. 2015).

## II.

Because Ford has demonstrated no error on the part of the district court, we AFFIRM.